# EXHIBIT A

**FILED**
**FEBRUARY 19, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

1997.000

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

**08 C 1014**

| | |
|---|---|
| JULIO MARTINEZ, JR., <br><br> Plaintiffs, <br><br> v. <br><br> OFFICER JOHN HALEAS #6719, <br> OFFICER L. ROMANO #9875 and <br> OFFICER SAUL BASURTO #11660, and <br> CITY OF CHICAGO, an Illinois Municipal Corporation, <br><br> Defendants. | No.: <br><br><br><br><br> JUDGE ST. EVE <br> MAGISTRATE JUDGE BROWN |

## COMPLAINT

NOW COMES the Plaintiff, Julio Martinez, Jr., by and through his attorneys, EklWilliams PLLC and Law Offices of Gayle Schor P.C., and complaining against the Defendants, Officer John Haleas #6719, Officer L. Romano #9875, Officer Saul Basurto #11660 and City of Chicago, upon information and belief, state as follows:

### INTRODUCTION

1. This action is brought seeking damages as redress for Defendants' violations of the Plaintiff's rights enumerated under the Fourth, Fifth and Fourteenth Amendments to Constitution of the United States of America, and state law malicious prosecution, which violations and tort resulted from the Defendants' unlawful and unauthorized detention, arrest and charging of the Plaintiff, the unlawful use of excessive force against the Plaintiff causing severe bodily and personal injuries, the unlawful failure to intervene regarding the aforementioned and

the intentional withholding and/or destruction of exculpatory evidence resulting in a deprivation of the Plaintiff's right to a fair trial, all of which have caused the Plaintiff's significant and severe damages, including personal and pecuniary injuries.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1331 and §1343(a)(3), as the Federal Claims are brought under 42 U.S.C. §1983, and venue pursuant to 28 U.S.C. §1391(b), as the parties reside in this district and the events giving rise to the claims occurred in this district. The Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a).

## THE PARTIES

3. On and since April 19, 2006, the Plaintiff, Julio Martinez, was a citizen of the United States of America, resided in River Grove, Illinois, and enjoyed all rights and entitlements enumerated in the Constitution of the United States of America and all Amendments thereto.

4. On and for some time after March 18, 2006, the Defendant, John Haleas, was a duly sworn peace officer under the laws of the State of Illinois possessed of law enforcement authority under Illinois law, and at all relevant times set forth herein was acting under color of law and within the scope of his employment with the City of Chicago. Mr. Haleas is sued in his individual capacity. Upon information and belief, the Defendant resides in Cook County, Illinois.

5. On March 18, 2006, the Defendant, L. Romano, was a duly sworn peace officer under the laws of the State of Illinois possessed of law enforcement authority under Illinois law,

and at all relevant times set forth herein was acting under color of law and within the scope of her employment with the City of Chicago. Ms. Romano is sued in her individual capacity. Upon information and belief, the Defendant resides in Cook County, Illinois.

6. On March 18, 2006, the Defendant, Saul Basurto, was employed as a lock-up keeper at the 25th District of the Chicago Police Department, and at all relevant times set forth herein was acting under color of law and within the scope of his employment with the City of Chicago. Mr. Basurto is sued in his individual capacity. Upon information and belief, the Defendant resides in Cook County, Illinois.

7. On March 18, 2006, the Defendant, City of Chicago, was a municipal corporation organized and chartered under the laws of the State of Illinois, obligated to indemnify employees for judgments resulting from conduct occurring within the scope of employment.

### FACTS COMMON TO ALL COUNTS OF THE COMPLAINT

8. In the early morning hours of March 18, 2006, the Plaintiff, Julio Martinez, Jr., was operating a motor vehicle eastbound on Diversy Avenue in Chicago, Illinois, in the area of the intersection with Meade Street. At the time that the Plaintiff was operating his motor vehicle, he was not violating any law, statute or ordinance of any jurisdiction.

9. In the early morning hours of March 18, 2006, the Defendant, L. Romano, was present in her patrol vehicle in the vicinity of the intersection of Diversy Avenue and Meade Street in Chicago, Illinois, around the same time as the Plaintiff. At some point, the Defendant, L. Romano, observed the Plaintiff's vehicle, but did not observe the Plaintiff or Plaintiff's vehicle violating any law, statute or ordinance of any jurisdiction.

10. Without any probable cause or reasonable articulable suspicion that the Plaintiff or the Plaintiff's vehicle had committed, was committing or was about to commit any violation of any law, statute or ordinance of any jurisdiction, the Defendant, L. Romano, activated her overhead emergency lights and audible siren and effected a stop and detention of the Plaintiff and his vehicle.

11. At some point after making contact with the Plaintiff, the Defendant, L. Romano, ordered the Plaintiff out of his vehicle, motioning toward her service revolver and stating to him "get the fuck out of the car right now." When the Plaintiff exited his vehicle, the Defendant, L. Romano, forcibly handcuffed the Plaintiff and placed him in custody. At the time that the Plaintiff was handcuffed and taken into custody by the Defendant, L. Romano, the Plaintiff had not committed, was not committing and was not about to commit and violation of any law, statute or ordinance of any jurisdiction.

12. The Defendant, L. Romano, transported the Plaintiff to the 25th District station of the Chicago Police Department. There, the Plaintiff was turned over to the Defendant, John Haleas.

13. While in the 25th District station, the Defendant, John Haleas, unlawfully and without provocation, physically grabbed and choked the Plaintiff and slammed the Plaintiff's head into a wall. At the time that this unlawful activity was occurring, the Defendants, L. Romano and Saul Basurto, were present and aware of the unlawful conduct of the Defendant, John Haleas, but said Defendants failed to intervene to protect the Plaintiff.

14. Thereafter, the Defendant, John Haleas, prepared and filed a false report in which he claimed that he and the Defendant, L. Romano, observed the Plaintiff exhibiting signs of the consumption of alcohol and impairment by alcohol, as well as observations that the Plaintiff committed various moving violations of the Illinois Vehicle Code, and observed the Plaintiff kick out a window in the 25th District station. Based upon this false report, and the intentional withholding of exculpatory evidence by the Defendants, the Plaintiff was charged with Driving Under the Influence of Alcohol and other violations of the Illinois Vehicle Code, and one felony charge of Criminal Damage to State Supported Property.

15. After March 18, 2006, the Circuit Court of Cook County entered a finding of no probable cause after a preliminary hearing on the false felony charge of Criminal Damage to State Supported Property.

16. After the Plaintiff was falsely arrested and charged as set forth above, and it is believed after the above finding of no probable cause, the Defendant, John Haleas, was investigated for filing one or more false police reports in connection with his employment as a police officer upon which false reports false and wrongful criminal charges were filed.

17. Following this investigation, and prior to November 8, 2007, the Defendant, John Haleas, was stripped of his assignment as a patrol officer and it is believed that he has been reassigned to desk duty pending an ongoing investigation of his prior conduct.

18. Finally, on November 8, 2007, the Circuit Court of Cook County dismissed all charges against the Plaintiff on the motion of the Office of the Cook County State's Attorney to

*nolle prosequi* for reasons detailed above which are indicative of the actual innocence of the Plaintiff as to all false criminal charges referred to above.

### COUNT I
FOURTH AMENDMENT VIOLATION – 42 U.S.C. §1983 – CONSPIRACY

19.   Plaintiff incorporates herein ¶¶1 through 18, above, as though fully set forth hereunder.

20.   At all relevant times, the Plaintiff, Julio Martinez, Jr., enjoyed and possessed a right under the Fourth Amendment to the Constitution of the United States to be free from unreasonable searches and seizures and to be secure in his personal effects and property.

21.   At all relevant times, the Defendants, L. Romano and John Haleas, as well as other as-yet unknown co-conspirators, accomplished an unlawful result through individual and concerted action, in that they agreed, through explicit or implicit means, to effect the unlawful detention and arrest of the Plaintiff, Julio Martinez, Jr., without lawful authority in the form of reasonable articulable suspicion, probable cause, a judicial warrant or writ.

22.   In furtherance of said agreement, the Defendants, L. Romano and John Haleas, unlawfully detained and arrested the Plaintiff and manufactured and fabricated evidence against him, and withheld the existence and disclosure of exculpatory evidence.

23.   At all times relevant hereto, the Defendants, L. Romano and John Haleas, were acting under color of law, and their individual and/or concerted conduct as described hereinabove was done with deliberate indifference to the rights of the Plaintiff.

24. Defendants' individual acts and/or conspiracy as described above violated Plaintiff's right to be free from unreasonable searches and seizures as provided in the Fourth Amendment to the United States Constitution and has caused Plaintiff to suffer, and will in the future continue to suffer, severe damages including loss of reputation, mental anguish, emotional distress, and legal expenses, as alleged herein.

WHEREFORE, the Plaintiff, Julio Martinez, Jr., demands judgment against the Defendants, L. Romano and John Haleas, jointly and severally, for compensatory and punitive damages in a sum in excess of $1,000,000.00.

## COUNT II
### DUE PROCESS VIOLATION (EXCESSIVE FORCE) – 42 U.S.C. §1983

25. Plaintiff incorporates herein ¶¶1 through 24, above, as though fully set forth hereunder.

26. At all relevant times, the Plaintiff, Julio Martinez, Jr., enjoyed and possessed a right under the Fourteenth Amendment to the Constitution of the United States to be free from arbitrary and indifferent intrusions of his bodily health and integrity, including the use of excessive force against him.

27. As described above, the conduct of the Defendant, John Haleas, was intentionally carried out with willful and deliberate indifference to the health and welfare of the Plaintiff, and constituted the excessive use of force in violation of the Fourteenth Amendment to the Constitution of the United States. At times relevant hereto, the Defendant, John Haleas, was acting under color of law and within the scope of his employment.

28. As the proximate result of the unlawful and excessive use of force by the Defendant, John Haleas, which violated the rights of the Plaintiff, the Plaintiff has suffered and continues to suffer injuries of a personal and pecuniary nature.

WHEREFORE, the Plaintiff, Julio Martinez, Jr., demands judgment against the Defendant, John Haleas, for compensatory and punitive damages in a sum in excess of $1,000,000.00.

### COUNT III
### DUE PROCESS VIOLATION (FAILURE TO INTERVENE) – 42 U.S.C. §1983

29. Plaintiff incorporates herein ¶¶1 through 28, above, as though fully set forth hereunder.

30. At all relevant times, the Plaintiff, Julio Martinez, Jr., enjoyed and possessed a right under the Fourteenth Amendment to the Constitution of the United States to be free from arbitrary and indifferent intrusions of his bodily health and integrity, including the use of excessive force against him.

31. During the events described above that occurred at the 25th District station, the Defendants, L. Romano and Saul Basurto, stood by and failed to intervene to prevent the unconstitutional physical violence to which the Plaintiff was being subjected at the hands of the Defendant, John Haleas. At all times relevant hereto, the Defendants, L. Romano and Saul Basurto, were acting under color of law and within the scope of their employment.

32. As a proximate result of the failure of the Defendants, L. Romano and Saul Basurto, to intervene on behalf of the Plaintiff to prevent the use of excessive force against him, despite the clear need and reasonable opportunity to do so, the Plaintiff has suffered, and continues to suffer, severe personal and pecuniary injuries and damages.

WHEREFORE, the Plaintiff, Julio Martinez, Jr., demands judgment against the Defendants, L. Romano and Saul Basurto, jointly and severally, for compensatory and punitive damages in a sum in excess of $1,000,000.00.

### COUNT IV
### DUE PROCESS VIOLATION (FAIR TRIAL) – 42 U.S.C. §1983 – CONSPIRACY

33.  Plaintiff incorporates herein ¶¶1 through 32, above, as though fully set forth hereunder.

34.  At all times relevant hereunder, the Plaintiff enjoyed the right to a fair trial as enumerated in the Fifth and Fourteenth Amendments to the Constitution of the United States, including the right to notice and disclosure of evidence that tends to negate the guilt of the Plaintiff.

35.  At all relevant times, the Defendants, L. Romano, John Haleas and Saul Basurto, as well as other as-yet unknown co-conspirators, accomplished an unlawful result through individual and/or concerted action, in that they agreed, through explicit or implicit means, to withhold, conceal and/or destroy evidence that tended to negate the Plaintiff's guilt for the crimes with which he was charged.

36.  In furtherance of said agreement, the Defendants, L. Romano, John Haleas and Saul Basurto, unlawfully withheld, concealed and/or destroyed exculpatory evidence.

37.  At all times relevant hereto, the Defendants, L. Romano, John Haleas and Saul Basurto, were acting under color of law, and their individual and/or concerted conduct as described hereinabove was done with deliberate indifference to the rights of the Plaintiff.

38. Defendants' individual acts and/or conspiracy as described above violated Plaintiff's right to a fair trial as guaranteed in the Fifth and Fourteenth Amendments to the United States Constitution and has caused Plaintiff to suffer, and will in the future continue to suffer, severe damages including loss of reputation, mental anguish, emotional distress, and legal expenses, as alleged herein.

WHEREFORE, the Plaintiff, Julio Martinez, Jr., demands judgment against the Defendants, L. Romano, John Haleas and Saul Basurto, jointly and severally, for compensatory and punitive damages in a sum in excess of $1,000,000.00.

### COUNT V
### STATE LAW CLAIM - MALICIOUS PROSECUTION AND CONSPIRACY

39. Plaintiff incorporates by reference herein ¶¶1 through 38 above, as though fully set forth herein.

40. At all relevant times, the Defendants, L. Romano and J. Haleas, lacked probable cause to detain, arrest and/or charge the Plaintiff for a violation of any law, statute or ordinance of any jurisdiction.

41. At all relevant times, the Defendants, L. Romano and John Haleas, were acting within the scope of their employment with the Defendant, City of Chicago, and were its duly authorized agents.

42. At all relevant times, the Defendants, L. Romano and John Haleas, as well as other as-yet unknown co-conspirators, accomplished an unlawful result through individual and concerted action, in that they agreed, through explicit or implicit means, to falsely and

maliciously charge the Plaintiff, Julio Martinez, Jr., with violations of criminal provisions of the Illinois Criminal and Vehicle Codes without probable cause to do so.

43. As set forth above, and in furtherance of said agreement, the Defendants, L. Romano and John Haleas, falsified police reports, filed false criminal charges initiating judicial proceedings, withheld, concealed and/or destroyed exculpatory evidence, and lied under oath.

44. As set forth above, the criminal charges filed by the Defendants, L. Romano and John Haleas, were filed with malice and disposed of in favor of the Plaintiff in a manner indicative of the actual innocence of the Plaintiff.

45. As the proximate result of the false and malicious prosecution of the Plaintiff as set forth above, the Plaintiff has suffered and will continue in the future to suffer injuries of a personal and pecuniary nature.

WHEREFORE, the Plaintiff, Julio Martinez, Jr., demands judgment against the Defendants, L. Romano, John Haleas and the City of Chicago, jointly and severally, for compensatory and punitive damages in a sum in excess of $1,000,000.00.

### COUNT VI
### STATE LAW – INDEMNITY

46. Plaintiff incorporates by reference herein ¶¶1 through 45 above, as though fully set forth herein.

47. At all relevant times, Defendants, John Haleas, L. Romano and Saul Basurto, were acting on behalf of and/or within the scope of their employment with the Defendant, City of Chicago.

48. As a result of Defendants' conduct, Plaintiff is seeking monetary damages, attorney's fees, costs and interest.

49. Illinois law directs local public entities to pay any tort judgment or settlement for which it or an employee while acting within the scope of his employment is liable. 745 ILCS 10/9-101 (West 2007).

WHEREFORE, the Plaintiff, Julio Martinez, Jr., demands judgment against the Defendants, City of Chicago, as indemnor, for compensatory damages awarded against or agreed to be paid by the Defendants, L. Romano, John Haleas and/or Saul Basurto, as such amounts may be adjudged or determined, that any law enforcement, court or other official record created or generated as a result of the unconstitutional acts alleged herein be expunged, and any other relief the Court deems just and appropriate.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Respectfully submitted by:
By: s/ Patrick L. Provenzale
Terry A. Ekl, Atty No.: 00727105
Patrick L. Provenzale, Atty No: 6225879
EklWilliams PLLC
Two Arboretum Lakes
901 Warrenville Road, Suite 175
Lisle, IL 60532
(630) 654-0045
(630) 654-0150 *Facsimile*
tekl@eklwilliams.com
pprovenzale@eklwilliams.com

Gayle M. Schor
Law Offices of Gayle Schor P.C.
111 West Washington Street, Suite 920
Chicago, IL 60602
(312) 634-5000
(312) 634-5001 *Facsimile*
gschor@sbcglobal.net
*Attorneys for Plaintiff*