1997.000

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| JULIO MARTINEZ, JR., | |
| Plaintiffs, | |
| v. | No.: 08 C 1014 |
| OFFICER JOHN HALEAS #6719, OFFICER L. ROMANO #9875 and OFFICER SAUL BASURTO #11660 and CITY OF CHICAGO, an Illinois Municipal Corporation, | Judge Amy J. St. Eve<br>Courtroom: 1241 |
| Defendants. | |

## MOTION TO RECONSIDER STAY

NOW COMES the Plaintiff, Julio Martinez, Jr., by and through his attorneys, EklWilliams PLLC and the Law Offices of Gayle Schor P.C., and respectfully moves this Honorable Court, pursuant to Federal Rules of Civil Procedure 59(e) and 60(b), to reconsider and vacate the Stay Order of June 9, 2008, in support whereof, the Plaintiff states as follows:

1.    On June 9, 2008, this Court summarily granted the Motion of the Defendant, John Haleas, to stay all discovery in this case pertaining to him, relieving him of his obligations to participate in any way in discovery in the case at bar. The Plaintiff respectfully submits that this Court's order granting the stay is a manifest error in the application of existing law, and respectfully prays for this Honorable Court to reconsider her ruling and vacate the stay.

2.      A motion to reconsider, while technically not permitted under the federal rules, is generally allowed and treated as a motion to alter or amend as filed under Rule 59(e) if timely filed within 10 court days of the entry of the order challenged.  Southern Ill. Beverage CO., v. Hansen Beverage Co., 2008 WL 906023 at *1 (S.D.Ill.) (April 3, 2008) citing Britton V. Swift Transportation, Co., 127 F.3d 616, 618 (7th Cir., 1997).

3.      On reconsideration, the Court may vacate an order if the Court determines that the entry of the original order was based upon a manifest error in law that requires the relief requested.  Harrington v. City of Chicago, 433 F.3d 542, 546 (7th Cir., 2006).

4.      Based upon the following several grounds, existing law requires denial of the Defendant's Motion for a Stay, and the Court's stay order was manifestly erroneous.

5.      As an initial matter, and though the Plaintiff did not understand the Court to rely on such, to the extent that any basis for a stay of discovery as against the Defendant, Haleas, lies in Younger v. Harris, 401 U.S. 37 (1971) or its progeny, including Simpson v. Rowan, such is manifestly erroneous.  Specifically, a requirement for application of Younger abstention is that the state and federal actions are the same such that the federal action could serve as a collateral attack of a judgment or findings in the pending state action.  See, e.g., Simpson v. Rowan, 73 F.3d 134, 137 (7th Cir., 1995); see also Holten v. City of Genoa, 2002 WL 32128773 (N.D.Ill., July 8, 2002) (Reinhard, J.) (even if same proceeding, fact issue

subject to determination must be identical in both). Therefore, any application of Younger abstention principles to the stay ordered is manifestly erroneous.

6. Regardless, the exercise of the Court's inherent authority in the interests of justice is entirely unwarranted and manifestly in error in this case. Specifically, whether to stay discovery in an action involves examination of six factors: (1) whether the two actions involve the same subject matter; (2) whether the governmental entity that has initiated the criminal case is a party to the civil case; (3) the posture of the criminal proceeding; (4) the effect of granting or denying a stay on public interest; (5) the interest of the plaintiff in proceeding expeditiously and the prejudice threatened by a delay; and (6) the burden that any particular aspect of the civil case may impose on the civil defendants if a stay is denied. Chagolla v. City of Chicago, 529 F.Supp.2d 941, 945 (N.D.Ill., 2008). Examination of these factors in the context of the unique aspects of the case at bar compels the conclusion that the entry of the stay is manifestly against existing law.

7. As to the first factor, the two actions do not involve the same subject matter, as that phrase "subject matter" is understood. Clearly, the facts involved in the case at bar are entirely unrelated to the facts charged in the indictment against Haleas, as the two incidents occurred a year apart, involve different individuals, and involve different facts altogether. See EXHIBIT A (INDICTMENT). In fact, in cases in which other courts have determined this factor to be satisfied in favoring a stay, "same subject matter" has always been found to be the same set of operative

facts, not categorical facts.[1] See, e.g., Chagolla (stay appropriate where civil individual defendants under indictment for same conduct and events raised in civil complaint); Doe v. City of Chicago, 360 F.Supp.2d 880 (N.D.Ill., 2005) (same).

8. Likewise, in cases such as the case at bar, where there has been no criminal charges filed for the conduct raised in the civil complaint, the "same subject matter" factor is not satisfied as favoring a stay. Cf. U.S. ex rel. Shank v. Lewis Enterprises, Inc., 2006 WL 1064072 (N.D.Ill., April 21, 2006) (where assertion of Fifth Amendment right prior to indictment for conduct at issue, stay generally inappropriate). Therefore, the first factor weighs against a stay for the Defendant, Haleas, because the instant case, at best, presents a threat of criminal prosecution for the facts pleaded, not an actual pending prosecution.

9. Furthermore, there is no basis to find the first factor favoring a stay because of the possibility that the conduct at issue in the civil complaint may be used as evidence in the unrelated criminal prosecution of charges that the Defendant, Haleas, is currently facing. This is true for several reasons. First, the Defendant, Haleas, never even raised this prospect as an issue. Given also that the possible use of such extrinsic evidence is customarily the subject of a pre-trial evidentiary motion wherein the prosecutor provides notice to the defendant and seeks pre-trial rulings on the admissibility of "other" evidence, the fact that no such motion was brought to the Court's attention by Defendant (or know by the Plaintiff

---

[1] Even Judge Hart's order on *Almarez v. Haleas* abides by this distinction, as the *Almarez* complaint is a putative class action that covers all cases in which Haleas has been the arresting officer, which by definition includes the case under indictment.

to have been filed) is a clear indication that the prosecution is not planning to use the facts of the case at bar as evidence admissible under F.R.E. 404(b) in the trial of the Defendant's pending criminal charges. Furthermore, even if there was an expression of prosecutorial intent to introduce evidence of the case at bar in the unrelated criminal prosecution, it would still provide no more reason to enforce a stay than for any non-charged civil defendant's claim that he or she faces the threat of criminal prosecution. See <u>Admiral Ins. Co. v. Federal Sec., Inc.</u>, 1996 WL 139243 (N.D.Ill., March 26, 1996) (Guzman, J.).

      10.     Finally, any attempt to introduce evidence of the case at bar in Haleas' criminal prosecution would necessarily involve the testimony of the Plaintiff, as Plaintiff is the best evidentiary source that exists establishing that the facts as alleged in the Plaintiff's case actually occurred. Under these circumstances, allowing a stay based upon the prospect that the Plaintiff may testify against the Defendant in the unrelated criminal prosecution would be tantamount to granting the Defendant a unilateral tactical discovery tool to exploit outside the confines of this case. For example, the Defendant could file a Motion to Bar or Exclude, and ask for an evidentiary hearing calling the Plaintiff to testify. Very simply, a stay in this case based upon the threat that the prosecution could call the Plaintiff to testify would result in an inequity upon the Plaintiff, as the threat of the Plaintiff's possible testimony in the criminal case is an artifice entirely created by the Defendant as a pretext to conduct unilateral discovery on him. See, e.g., <u>Admiral Ins. Co.</u>, 1996 WL 139243 (N.D.Ill., March 26, 1996) (Guzman, J.) (inequitable to

allow defendants to hide behind a stay to conduct their own discovery but to impede the Plaintiff's ability to do discovery). For all of the above reasons, the first factor weighs against a stay.

11. The second factor clearly favors denial of a stay, as the government is not prosecuting the Defendant, Haleas, for the conduct at issue in this case, either in a criminal proceeding or as a party in the instant proceeding.

12. The third fact also compels denial of a stay. At present, while claims have been made that the Defendant, Haleas, is discussing a plea with the prosecution, no such claim is substantiated by any actual fact. Theoretically, every defendant is discussing the possibility of a plea with the government up until the jury's verdict or the judge's ruling. Concrete expressions of plea negotiations, such as a written offer from the prosecution, or a docket entry or order for a conference with the trial judge pursuant to Illinois Supreme Court Rule 402, have not been forthcoming from the Defendant, Haleas, and such are not believed by Plaintiff to exist. Therefore, given that the criminal prosecution appears to be stalled with no trial date and no indication of resolution on the horizon, the prospect of an indefinite stay weighs against any stay.

13. The fourth factor also weighs against a stay. In particular, the public has an interest in the resolution of civil claims against public officials. See Doe v. City of Chicago, 360 F.Supp.2d 880, 882 (N.D.Ill., 2005); see also 28 U.S.C. §§471-82

14. The fifth factor also weighs against a stay, as the Plaintiff has a substantial interest in the expeditious resolution of his claims. Here, the Plaintiff

filed suit 5 months ago (and could not reasonably have filed earlier given that his criminal DUI charges were only dismissed by the prosecution in November of 2007). An indefinite stay from this point could mean another year or longer before discovery even commences. This type of delay, pending the resolution of unrelated criminal charges, will unduly prejudice the Plaintiff's right to conduct his own investigation, to preserve non-party witness testimony while it continues to be fresh in the minds of the witnesses, as well as to obtain timely redress and compensation, especially where the fifth amendment privilege with respect to the facts of the pending litigation would be asserted only on the threat of criminal charges, not actual ones.

    15.    Finally, the sixth factor is a draw at best for the Defendant. While denial of a stay certainly results in the Defendant having to choose between defending this suit or staying free of incriminating himself, such a choice is not an unconstitutional burden on the defendant, and is entirely permissible under these circumstances. More to the point, the burden imposed upon Haleas by denial of a stay is one that he dubiously creates for himself. Specifically, denial of a stay in the case at bar does not place Haleas squarely between the Scylla of self-incrimination and the Charybdis of loss of his civil claims defense. Rather, the denial of the stay more accurately presents him with the prospect of being overly cautious in the exercise of privilege in spite of the prospect that his abundance of caution will limit his defense of civil claims; cutting off the nose in spite of the face is the more apt metaphor. In any event, this latter circumstance is not the one that the cases

addressing stays contemplate when granting the stays, and it was manifestly in error for this Court to have granted one in this case.

    WHEREFORE, the Plaintiff, Julio Martinez, Jr., respectfully prays that this Honorable Court reconsider its stay order of June 9, 2008, and vacate said order and enter a discovery schedule as to all parties, and enter any other relief or order the Court deems just and appropriate under the circumstances.

                                      Respectfully submitted by:

                                      By: s/ Patrick L. Provenzale

Terry A. Ekl, Atty No.: 00727105
Patrick L. Provenzale, Atty No: 6225879
EklWilliams PLLC
Two Arboretum Lakes
901 Warrenville Road, Suite 175
Lisle, IL 60532
(630) 654-0045
(630) 654-0150 Facsimile
tekl@eklwilliams.com
pprovenzale@eklwilliams.com

Gayle M. Schor
Law Offices of Gayle Schor P.C.
111 West Washington Street, Suite 920
Chicago, IL 60602
(312) 634-5000
(312) 634-5001 Facsimile
gschor@sbcglobal.net
Attorneys for Plaintiff