1997.000

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS,
### EASTERN DIVISION

| | |
|---|---|
| JULIO MARTINEZ, JR., | |
| Plaintiffs, | |
| v. | No.: 08 C 1014 |
| OFFICER JOHN HALEAS #6719, OFFICER L. ROMANO #9875 and OFFICER SAUL BASURTO #11660 and CITY OF CHICAGO, an Illinois Municipal Corporation, | Judge Amy J. St. Eve Courtroom: 1241 |
| Defendants. | |

## RESPONSE TO CITY'S MOTION FOR A STAY

NOW COMES the Plaintiff, Julio Martinez, Jr., by and through his attorneys, EklWilliams PLLC and Law Offices Gayle Schor, P.C., and in response to the Motion to Stay Discovery by the Defendant, City of Chicago, states the following law and argument:

### Introduction

This action was filed by the Plaintiff regarding the described conduct of the various individual defendants that occurred on March 18, 2006.  On or before April 9, 2008, the Cook County Stat's Attorney's Office secured a true bill on a 10 count Indictment against the Defendant, John Haleas, involving conduct in the arrest of Edward Beck that occurred almost one year prior to the conduct alleged in the

complaint at bar.  Notwithstanding the unrelated nature of the charges under which the Defendant, John Haleas, is currently under indictment, this Court summarily granted the Defendant, Haleas, a stay of discovery on June 9, 2008. That stay order is the subject of a separate Motion to Reconsider, and for purposes of this response, the Plaintiff incorporates the arguments and law as set forth in that motion as if fully set forth herein to the extent applicable.

Around the same time of the filing of Haleas' motion, the Defendant, City of Chicago, also filed a motion for a stay, to which this pleading is in direct response. Therein, the City of Chicago generally claims that a stay of all discovery in this case is required in order to protect Haleas' fifth amendment rights and to preserve a fair trial, and that consideration of factors to consider in examining a request for a stay favors entry of the stay.  Plaintiff urges this Court to deny the Motion for a stay for the following reasons.

<u>Argument</u>

The City's main tack in pressing its Motion to Stay is to blur the boundaries of conduct that is at issue in the present case.  Specifically, the City claims that "the allegations asserted in the Complaint against Haleas are related to the allegations of wrongful conduct asserted against him in the indictment."  City's Mot., p.2. While in the categorical sense the City's claim is not inaccurate, the assertion that the two cases are factually related is wholly false.  For example, as to the specific facts, the criminal case involves another individual, Edward Beck; the criminal case

involves events that occurred on April 9, 2005, almost one year earlier; and the criminal case involves only false DUI charges, whereas the case at bar involves false felony charges in addition to DUI and also involves brutality.  Only on the general categories of allegations is there any relation, that Haleas filed false reports.  However, such commonality is too vague to support any concern that the allegations in the case at bar have anything to do with the criminal charges against Haleas such that a motion to stay should be granted based upon an overly cautious exercise of a privilege.

Regardless, and while certainly of no mystery as Haleas has already indicated assertion of his Fifth Amendment rights, the fact that Haleas may assert his rights has no bearing on the City of Chicago.  Specifically, the right inures only to Haleas, and the City enjoys no corresponding right.  See <u>Chagolla v. City of Chicago</u>, 529 F.Supp.2d 941, 948 (N.D.Ill., 2008).  Therefore, the City has no dilemma that Haleas claims he faces in choosing between exercising his constitutional right and defending this suit, and the analysis is a different one.  Regardless, under a review of all the factors for a stay, a stay should be denied in this case.

Whether to stay discovery in an action involves examination of six factors: (1) whether the two actions involve the same subject matter; (2) whether the governmental entity that has initiated the criminal case is a party to the civil case; (3) the posture of the criminal proceeding; (4) the effect of granting or denying a

stay on public interest; (5) the interest of the plaintiff in proceeding expeditiously and the prejudice threatened by a delay; and (6) the burden that any particular aspect of the civil case may impose on the civil defendants if a stay is denied. Chagolla v. City of Chicago, 529 F.Supp.2d 941, 945 (N.D.Ill., 2008). Examination of these factors in the context of the unique aspects of the case at bar compels the conclusion that the entry of the stay is not justified.

As to the first factor, the two actions do not involve the same subject matter, as that phrase "subject matter" is understood. Clearly, the facts involved in the case at bar are entirely unrelated to the facts charged in the indictment against Haleas, as the two incidents occurred a year apart, involve different individuals, and involve different facts altogether. See Exhibit A (indictment). In fact, in cases in which other courts have determined this factor to be satisfied in favoring a stay, "same subject matter" has always been found to be the same set of operative facts, not categorical facts.[1] See, e.g., Chagolla (stay appropriate where civil individual defendants under indictment for same conduct and events raised in civil complaint); Doe v. City of Chicago, 360 F.Supp.2d 880 (N.D.Ill., 2005) (same).

Likewise, in cases such as the case at bar, where there has been no criminal charges filed for the conduct raised in the civil complaint, the "same subject matter" factor is not satisfied as favoring a stay. Cf. U.S. ex rel. Shank v. Lewis Enterprises,

---

[1] Even Judge Hart's order on *Almarez v. Haleas*, cited by Haleas in his motion, abides by this distinction, as the *Almarez* complaint is a putative class action that covers all cases in which Haleas has been the arresting officer, which by definition includes the case under indictment.

Inc., 2006 WL 1064072 (N.D.Ill., April 21, 2006) (where assertion of Fifth Amendment

right prior to indictment for conduct at issue, stay generally inappropriate). Therefore,

the first factor weighs against a stay for the City because the instant case, at best,

presents a threat of criminal prosecution of Haleas for the facts pleaded, not an actual

pending prosecution.

Furthermore, there is no basis to find the first factor favoring a stay because of

the possibility that the conduct at issue in the civil complaint may be used as evidence

in the unrelated criminal prosecution of charges that the Defendant, Haleas, is

currently facing. This is true for several reasons. First, no Defendant even raises this

as an issue. Given also that the possible use of such extrinsic evidence is customarily

the subject of a pre-trial evidentiary motion wherein the prosecutor provides notice to

the defendant and seeks pre-trial rulings on the admissibility of "other" evidence, the

fact that no such motion was brought to the Court's attention by any Defendant (or

know by the Plaintiff to have been filed) is a clear indication that the prosecution is not

planning to use the facts of the case at bar as evidence admissible under F.R.E. 404(b)

in the trial of Haleas' pending criminal charges. Furthermore, even if there was an

expression of prosecutorial intent to introduce evidence of the case at bar in the

unrelated criminal prosecution, it would still provide no more reason to enforce a stay

that any non-charged civil defendant's claim that he or she faces the threat of criminal

prosecution. See Admiral Ins. Co. v. Federal Sec., Inc., 1996 WL 139243 (N.D.Ill.,

March 26, 1996) (Guzman, J.).

Finally, any attempt to introduce evidence of the case at bar in Haleas' criminal prosecution would necessarily involve the testimony of the Plaintiff, as Plaintiff is the best evidentiary source that exists establishing that the facts as alleged in the Plaintiff's case actually occurred.  Under these circumstances, allowing a stay based upon the prospect that the Plaintiff may testify against Haleas in the unrelated criminal prosecution would be tantamount to granting all of the Defendants a unilateral tactical discovery tool to exploit outside the confines of this case. For example, Haleas could file a Motion to Bar or Exclude, and ask for an evidentiary hearing calling the Plaintiff to testify.  Very simply, a stay in this case based upon the threat that the prosecution could call the Plaintiff to testify would result in an inequity upon the Plaintiff, as the threat of the Plaintiff's possible testimony in the criminal case is an artifice entirely created by the Defendants as a pretext to conduct unilateral discovery on him.  See, e.g., <u>Admiral Ins. Co.,</u> 1996 WL 139243 (N.D.Ill., March 26, 1996) (Guzman, J.) (inequitable to allow defendants to hide behind a stay to conduct their own discovery but to impede the Plaintiff's ability to do discovery).  For all of the above reasons, the first factor weighs against a stay.

The second factor clearly favors denial of a stay, as the government is not prosecuting the Defendant, Haleas, for the conduct at issue in this case, either in a criminal proceeding or as a party in the instant proceeding.

The third fact also compels denial of a stay.  At present, while claims have been made that the Defendant, Haleas, is discussing a plea with the prosecution, no such

claim is substantiated by any actual fact.  Theoretically, every defendant is discussing the possibility of a plea with the government up until the jury's verdict or the judge's ruling.  Concrete expressions of plea negotiations, such as a written offer from the prosecution, or a docket entry or order for a conference with the trial judge pursuant to Illinois Supreme Court Rule 402, have not been forthcoming from the Defendant, Haleas, and such are not believed by Plaintiff to exist.  Therefore, given that the criminal prosecution appears to be stalled with no trial date and no indication of resolution on the horizon, the prospect of an indefinite stay weighs against any stay.

The fourth factor also weighs against a stay.  In particular, the public has an interest in the resolution of civil claims against public officials.  See Doe v. City of Chicago, 360 F.Supp.2d 880, 882 (N.D.Ill., 2005); see also 28 U.S.C. §§471-82

The fifth factor also weighs against a stay, as the Plaintiff has a substantial interest in the expeditious resolution of his claims.  Here, the Plaintiff filed suit 5 months ago (and could not reasonably have filed earlier given that his criminal DUI charges were only dismissed by the prosecution in November of 2007).  An indefinite stay from this point could mean another year or longer before discovery even commences.  This type of delay, pending the resolution of unrelated criminal charges, will unduly prejudice the Plaintiff's right to conduct his own investigation, to preserve non-party witness testimony while it continues to be fresh in the minds of the witnesses, as well as to obtain timely redress and compensation, especially where the fifth amendment privilege with respect to the facts of the pending litigation would be

asserted only on the threat of criminal charges, not actual ones.

Finally, the sixth factor weighs against a stay. While denial of a stay will result in the individual Defendants' choosing between defending this suit or staying free of self-incrimination, and the exercise of such a choice in favor of invocation of the privilege will inhibit the City's ability to defend itself, such a result is not an impermissible one considering that the invocation of the privilege is one that is tenuous, at best, given that there is absolutely no record in this case demonstrating the intent of the prosecution to use the facts of this case as "other crimes" evidence in the prosecution of Haleas. In short, the best way for the City to preserve its opportunity to defend itself in this suit is to oppose Haleas' motion to stay. The fact that the City is pursuing a motion to stay is a clear indication that the City is not interested in preserving its best chance to defend this litigation, but rather using the possible threat of a tenuous invocation of privilege as a pretext to delay this suit. Under these circumstances, the burden on the City of a stay is one which is self imposed on its choice to seek one, rather than to oppose Haleas' motion.

## Conclusion

Therefore, because the case at bar does not involve the same set of facts as those in the criminal prosecution of Haleas, because the City of Chicago does not have any Fifth Amendment privilege, and because the six factors for a stay all weigh in favor of denial of the stay as to the City of Chicago, the Plaintiff respectfully prays that this Honorable Court deny the City'a Motion for a Stay in its entirety.

WHEREFORE, the Plaintiff, Julio Martinez, Jr., respectfully prays that this Honorable Court deny the Motion of the Defendant, City of Chicago, for a stay of discovery in this matter, and enter any other relief or order the Court deems just and appropriate under the circumstances.

Respectfully submitted by:

By: s/ Patrick L. Provenzale

Terry A. Ekl, Atty No.: 00727105
Patrick L. Provenzale, Atty No: 6225879
EklWilliams PLLC
Two Arboretum Lakes
901 Warrenville Road, Suite 175
Lisle, IL 60532
(630) 654-0045
(630) 654-0150 Facsimile
tekl@eklwilliams.com
pprovenzale@eklwilliams.com

Gayle M. Schor
Law Offices of Gayle Schor P.C.
111 West Washington Street, Suite 920
Chicago, IL 60602
(312) 634-5000
(312) 634-5001 Facsimile
gschor@sbcglobal.net
Attorneys for Plaintiff