# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1014 | **DATE** | 6/25/2008 |
| **CASE TITLE** | Martinez vs. Haleas et al. | | |

**DOCKET ENTRY TEXT**

Defendant City of Chicago's motion to stay [34] is denied.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Plaintiff Julio Martinez filed a Complaint asserting a number of federal claims against several Chicago police officers and the city of Chicago ("the City") stemming from Plaintiff's arrest by those same officers on March 18, 2006. Before the Court is the City's motion to stay this litigation pending the resolution of a criminal action pending in Illinois state Court against one of the Chicago police officers, John Haleas. The indictment in the state court proceeding (Docket No. 08-7115) alleges that Officer Haleas committed a number of felonies in connection with arresting one Edward Beck on April 9, 2005. Although the City admits that "[t]he indictment of Defendant Officer Haleas [is] not directly related to the incident in this case" (R. 34-1, at p. 3), it argues that the Court should stay this matter until the criminal case is resolved because Officer Haleas may invoke his Fifth Amendment privilege with respect to issues in this case. The Court has previously granted Defendant Haleas's motion to stay, ensuring that Officer Haleas will not be forced to make a decision concerning his Fifth Amendment privilege while the stay is in place. In essence, the City argues that because many of Plaintiff's claims seek to hold the City vicariously responsible for Officer Haleas's actions, that the City is in the same position as Officer Haleas and should therefore be protected by a similar stay. While the City's prejudice argument may have some merit with respect to trial, it fails with respect to the discovery phase. The City has not convinced the Court that engaging in discovery will unfairly prejudice Defendants. After considering the relevant factors raised in the parties' briefs concerning the imposition of a stay, the Court denies the City's motion.

| | Courtroom Deputy Initials: | KF |
|---|---|---|