JULIO MARTINEZ, JR. V. OFFICER JOHN HALEAS #6719
FEDERAL COURT NUMBER: 08 C 1014

**Exhibit A**

1997.000

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

JULIO MARTINEZ, JR.,

      Plaintiffs,

      v.

OFFICER JOHN HALEAS #6719,
OFFICER LINDA ROMANO #9875
and OFFICER SAUL BASURTO
#11660, and CITY OF CHICAGO, an
Illinois Municipal Corporation,

      Defendants.

No.:  08 C 1014

## PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW COMES the Plaintiff, Julio Martinez, Jr., by and through his attorneys, EklWilliams PLLC and the Law Offices of Gayle Schor, and complaining against the Defendants, Officer John Haleas #6719, Officer Linda Romano #9875, Officer Saul Basurto #11660 and City of Chicago, upon information and belief, state as follows:

### INTRODUCTION

1.    This action is brought seeking damages as redress for Defendants' violations of the Plaintiff's rights enumerated under the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and state law malicious prosecution and battery, which violations and torts resulted from the

Defendants' unlawful and unauthorized detention, arrest and charging of the Plaintiff, the unlawful use of excessive force and/or brutality against the Plaintiff causing severe bodily and personal injuries, the unlawful failure to intervene regarding the aforementioned and the intentional withholding and/or destruction of exculpatory evidence resulting in a deprivation of the Plaintiff's right to a fair trial, all of which have caused the Plaintiff's significant and severe damages, including personal and pecuniary injuries.

## JURISDICTION AND VENUE

2.      This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1331 and §1343(a)(3), as the Federal Claims are brought under 42 U.S.C. §1983, and venue pursuant to 28 U.S.C. §1391(b), as the parties reside in this district and the events giving rise to the claims occurred in this district. The Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a).

## THE PARTIES

3.      On and since March 18, 2006, the Plaintiff, Julio Martinez, was a citizen of the United States of America, resided in River Grove, Illinois, and enjoyed all rights and entitlements enumerated in the Constitution of the United States of America and all Amendments thereto.

4.      On and for some time after March 18, 2006, the Defendant, John Haleas, was a duly sworn peace officer under the laws of the State of Illinois

possessed of law enforcement authority under Illinois law, and at all relevant times set forth herein was acting under color of law and within the scope of his employment with the City of Chicago. Mr. Haleas is sued in his individual capacity. Upon information and belief, the Defendant resides in Cook County, Illinois.

5.      On March 18, 2006, the Defendant, Linda Romano, was a duly sworn peace officer under the laws of the State of Illinois possessed of law enforcement authority under Illinois law, and at all relevant times set forth herein was acting under color of law and within the scope of her employment with the City of Chicago. Ms. Romano is sued in her individual capacity. Upon information and belief, the Defendant resides in Cook County, Illinois.

6.      On March 18, 2006, the Defendant, Saul Basurto, was employed as a lock-up keeper at the 25th District of the Chicago Police Department, and at all relevant times set forth herein was acting under color of law and within the scope of his employment with the City of Chicago. Mr. Basurto is sued in his individual capacity. Upon information and belief, the Defendant resides in Cook County, Illinois.

7.      On March 18, 2006, the Defendant, City of Chicago, was a municipal corporation organized and chartered under the laws of the State of Illinois, obligated to indemnify employees for judgments resulting from conduct occurring within the scope of employment.

FACTS COMMON TO ALL COUNTS OF THE COMPLAINT

8.     In the early morning hours of March 18, 2006, the Plaintiff, Julio
Martinez, Jr., was operating a motor vehicle eastbound on Diversy Avenue in
Chicago, Illinois, in the area of the intersection with Meade Street. At the time that
the Plaintiff was operating his motor vehicle, he was not violating any law, statute
or ordinance of any jurisdiction.

9.     In the early morning hours of March 18, 2006, the Defendant, Linda
Romano, was present in her patrol vehicle in the vicinity of the intersection of
Diversy Avenue and Meade Street in Chicago, Illinois, around the same time as the
Plaintiff. At some point, the Defendant, Linda Romano, observed the Plaintiff's
vehicle, but did not observe the Plaintiff or Plaintiff's vehicle violating any law,
statute or ordinance of any jurisdiction.

10.     Without any probable cause or reasonable articulable suspicion that
the Plaintiff or the Plaintiff's vehicle had committed, was committing or was about
to commit any violation of any law, statute or ordinance of any jurisdiction, the
Defendant, Linda Romano, activated her overhead emergency lights and audible
siren and effected a stop and detention of the Plaintiff and his vehicle.

11.     At some point after making contact with the Plaintiff, the Defendant,
Linda Romano, ordered the Plaintiff out of his vehicle, motioning toward her service
revolver and stating to him "get the fuck out of the car right now." When the
Plaintiff exited his vehicle, the Defendant, Linda Romano, forcibly handcuffed the

Plaintiff and placed him in custody. At the time that the Plaintiff was handcuffed and taken into custody by the Defendant, Linda Romano, the Plaintiff had not committed, was not committing and was not about to commit any violation of any law, statute or ordinance of any jurisdiction.

12.    The Defendant, Linda Romano, transported the Plaintiff to the 25th District station of the Chicago Police Department. There, the Plaintiff came into contact with the Defendant, John Haleas.

13.    While in the 25th District station, the Defendant, John Haleas, unlawfully and without provocation, physically grabbed and choked the Plaintiff and slammed the Plaintiff's head into a wall. At the time that this unlawful activity was occurring, the Defendants, Linda Romano and Saul Basurto, were present and aware of the unlawful conduct of the Defendant, John Haleas, but said Defendants failed to intervene to protect the Plaintiff despite a reasonable opportunity to do so.

14.    Thereafter, the Defendant, John Haleas, prepared and filed a false report in which he claimed that he and the Defendant, Linda Romano, observed the Plaintiff exhibiting signs of the consumption of alcohol and impairment by alcohol, as well as observations that the Plaintiff committed various moving violations of the Illinois Vehicle Code, and observed the Plaintiff kick out a window in the 25th District station. Based upon this false report and the intentional withholding of exculpatory evidence and/or the fabrication of incriminating evidence, the

Defendants, John Haleas and Linda Romano, initiated a false prosecution of the Plaintiff wherein he was charged with Driving Under the Influence of Alcohol and other violations of the Illinois Vehicle Code, and one felony charge of Criminal Damage to State Supported Property.

15.    After March 18, 2006, the Circuit Court of Cook County entered a finding of no probable cause after a preliminary hearing on the false felony charge of Criminal Damage to State Supported Property.

16.    After the Plaintiff was falsely arrested and charged as set forth above, and it is believed after the above finding of no probable cause, the Defendant, John Haleas, was investigated for filing one or more false police reports in connection with his employment as a police officer, for which false reports wrongful criminal charges were filed.

17.    Following this investigation, and prior to November 7, 2007, the Defendant, John Haleas, was stripped of his assignment as a patrol officer and has since been indicted on 10 felony counts including Official Misconduct, Obstructing Justice and Perjury under 08 CR 7115.

18.    Finally, on November 7, 2007, the Circuit Court of Cook County dismissed all charges against the Plaintiff on the motion of the Office of the Cook County State's Attorney for reasons detailed above indicative of the actual innocence of the Plaintiff for all false criminal charges referred to above.

COUNT I
42 U.S.C. §1983
FOURTH AMENDMENT – FALSE ARREST (CONSPIRACY)

19.    Plaintiff incorporates herein ¶¶3 through 18, above, as though fully set forth hereunder.

20.    At all relevant times, the Plaintiff, Julio Martinez, Jr., enjoyed and possessed a right under the Fourth Amendment to the Constitution of the United States to be free from unreasonable searches and seizures and to be secure in his personal effects and property.

21.    At all relevant times, the Defendants, Linda Romano and John Haleas, as well as other as-yet unknown co-conspirators, accomplished an unlawful result through individual and/or concerted action, in that they agreed, through explicit or implicit means, to effect the unlawful detention and arrest of the Plaintiff, Julio Martinez, Jr., without lawful authority in the form of reasonable articulable suspicion, probable cause, a judicial warrant or writ.

22.    In furtherance of said agreement, the Defendants, Linda Romano and John Haleas, unlawfully detained, arrested, and falsely charged the Plaintiff and manufactured and fabricated evidence against him, and withheld the existence and disclosure of exculpatory evidence.

23.    At all times relevant hereto, the Defendants, Linda Romano and John Haleas, were acting under color of law, and their individual and/or concerted conduct

as described hereinabove was done with deliberate indifference to the rights of the Plaintiff.

24.    Defendants' individual acts and/or conspiracy as described above violated Plaintiff's right to be free from unreasonable searches and seizures as provided in the Fourth Amendment to the United States Constitution and has caused Plaintiff to suffer, and will in the future continue to suffer, severe damages including loss of reputation, mental anguish, emotional distress, and legal expenses, as alleged herein.

WHEREFORE, the Plaintiff, Julio Martinez, Jr., demands judgment against the Defendants, John Haleas and Linda Romano, jointly and severally, for compensatory and punitive damages in a sum in excess of $1,000,000.00 and for his attorneys' fees and costs pursuant to 42 U.S.C. §1988.

## COUNT II
### 42 U.S.C. §1983
#### FOURTH AMENDMENT – EXCESSIVE FORCE (CONSPIRACY)

25.    Plaintiff incorporates all prior allegations in ¶¶3 through 24 as if fully set forth in this paragraph.

26.    On March 18, 2006, the Plaintiff possessed the right guaranteed under the Fourth Amendment to the United States Constitution to be free from unreasonable seizures of his person.

27.    On March 18, 2006, the Defendants, John Haleas, Linda Romano and Saul Basurto, as well as other as-yet unknown co-conspirators, accomplished an unlawful result through individual and/or concerted action in that they agreed,

through explicit or implicit means, to inflict bodily harm on the Plaintiff without any objectively reasonable circumstance in justification to do so.

28.    In furtherance of said agreement, the Defendants, Haleas and/or Basurto, or other as-yet unknown co-conspirators, physically beat the Plaintiff causing him severe injuries, and the Defendants, John Haleas, Linda Romano and/or Saul Basurto, and/or other as-yet unknown co-conspirators, permitted the Defendant(s) or other as-yet unknown co-conspirators access to the Plaintiff and/or failed to intervene to protect the Plaintiff when there was an objectively reasonable opportunity to do so.

29.    On March 18, 2008, the conduct of the Defendants was not objectively reasonable within the meaning of the Fourth Amendment to the Constitution of the Untied States given the totality of the circumstances that the Plaintiff was already in custody, handcuffed and/or completely defenseless.

30.    Defendants' individual acts, failures to act and/or conspiracy as described above violated Plaintiff's right to be free from unreasonable seizure as provided in the Fourth Amendment to the United States Constitution and has caused Plaintiff to suffer, and will in the future continue to suffer, severe damages including personal injuries, loss of reputation, mental anguish, emotional distress, and legal and medical expenses, as alleged herein.

WHEREFORE, the Plaintiff, Julio Martinez, Jr., demands judgment against the Defendants, John Haleas, Linda Romano and Saul Basturto, jointly and

severally, for compensatory and punitive damages in a sum in excess of
$1,000,000.00, and for his attorneys' fees and costs pursuant to 42 U.S.C. §1988.

COUNT III
42 U.S.C. §1983
FOURTH AMENDMENT – MALICIOUS PROSECUTION (CONSPIRACY)

31.    Plaintiff incorporates all prior allegations in ¶¶3 through 30 as if fully
set forth in this paragraph.

32.    At all relevant times, the Plaintiff enjoyed and possessed a right under
the Fourth Amendment to the United States Constitution to be free from malicious
and false prosecution of criminal proceedings based on an absence of probable
cause.

33.    At all relevant times, the Defendants, John Haleas, Linda Romano and
Saul Basurto, lacked probable cause to detain, arrest and/or charge the Plaintiff for
a violation of any law, statute or ordinance of any jurisdiction.

34.    At all relevant times, the Defendants, John Haleas, Linda Romano and
Saul Basurto, as well as other as-yet unknown co-conspirators, accomplished an
unlawful result through individual and/or concerted action, in that they agreed,
through explicit or implicit means, to falsely and maliciously charge the Plaintiff
with a violation of the Illinois Vehicle and Criminal Codes without probable cause
to do so, which conduct resulted in the initiation of criminal proceedings against the
Plaintiff.

35.    As set forth above, and in furtherance of said agreement, the Defendants, John Haleas, Linda Romano and Saul Basurto, and/or other as-yet unknown co-conspirators, made false statements, falsified police reports, filed false criminal charges initiating judicial proceedings, and/or withheld, concealed and/or destroyed exculpatory evidence and/or fabricated incriminating evidence.

36.    As set forth above, the criminal charges filed by the Defendants were filed with malice and disposed of in favor of the Plaintiff in a manner indicative of the actual innocence of the Plaintiff, and constitutes a violation of the Plaintiff's rights guaranteed under the Fourth Amendment to the Constitution of the United States.

37.    As the proximate result of the constitutional violation as set forth above, the Plaintiff has suffered, and will in the future continue to suffer, severe damages including personal injuries, loss of reputation, mental anguish, emotional distress, and legal expenses, as alleged herein.

WHEREFORE, the Plaintiff, Julio Martinez, Jr., demands judgment against the Defendants, John Haleas, Linda Romano and Saul Basurto, jointly and severally, for compensatory and punitive damages in a sum in excess of $1,000,000.00, and for his attorneys' fees and costs pursuant to 42 U.S.C. §1988.

## COUNT IV
### DUE PROCESS - POLICE BRUTALITY (CONSPIRACY) – 42 U.S.C. §1983

38.    Plaintiff incorporates herein ¶¶3 through 37, above, as though fully set

forth hereunder.

39.    At all relevant times, the Plaintiff, Julio Martinez, Jr., enjoyed and possessed a right under the Fourteenth Amendment to the Constitution of the United States to be free from arbitrary and indifferent intrusions of his bodily health and integrity that shock the conscience, including the infliction of police brutality against him.

40.    As described above, the conduct of the Defendants, John Haleas, Linda Romano and/or Saul Basturto, and/or as-yet unknown co-conspirators, was intentionally carried out with willful and deliberate indifference to the health and welfare of the Plaintiff, and constituted conduct that shocks the conscience in violation of the Fourteenth Amendment to the Constitution of the United States. At times relevant hereto, the Defendants, John Haleas, Linda Romano and Saul Basturto, were acting under color of law and within the scope of their employment.

41.    As the proximate result of the unlawful and brutal use of force by the Defendants which violated the rights of the Plaintiff, the Plaintiff has suffered and continues to suffer injuries of a personal and pecuniary nature.

WHEREFORE, the Plaintiff, Julio Martinez, Jr., demands judgment against the Defendants, John Haleas, Linda Romano and Saul Basturto, jointly and severally, for compensatory and punitive damages in a sum in excess of $1,000,000.00 and for his attorneys' fees and costs pursuant to 42 U.S.C. §1988.

COUNT V
42 U.S.C. §1983
DUE PROCESS - POLICE BRUTALITY (FAILURE TO INTERVENE)

42.    Plaintiff incorporates herein ¶¶3 through 41 above, as though fully set forth hereunder.

43.    At all relevant times, the Plaintiff, Julio Martinez, Jr., enjoyed and possessed a right under the Fourteenth Amendment to the Constitution of the United States to be free from arbitrary and indifferent intrusions of his bodily health and integrity that shock the conscience, including the infliction of police brutality against him.

44.    During the events described above that occurred at the 25th District station, the Defendants, John Haleas, Linda Romano and/or Saul Basurto, stood by and failed to intervene to prevent the Plaintiff from the unconstitutional physical violence to which the he was being subjected despite the reasonable opportunity to do so. At all times relevant hereto, the Defendants, John Haleas, Linda Romano and Saul Basurto, were acting under color of law and within the scope of their employment.

45.    As a proximate result of the failure of the Defendants, John Haleas, Linda Romano and/or Saul Basurto, to intervene on behalf of the Plaintiff to prevent the use of unconstitutional force against him, despite the clear need and reasonable opportunity to do so, the Plaintiff has suffered, and continues to suffer, severe personal and pecuniary injuries and damages.

WHEREFORE, the Plaintiff, Julio Martinez, Jr., demands judgment against the Defendants, John Haleas, Linda Romano and Saul Basurto, jointly and severally, for compensatory and punitive damages in a sum in excess of $1,000,000.00 and for his attorneys' fees and costs pursuant to 42 U.S.C. §1988.

### COUNT VI
42 U.S.C. §1983
DUE PROCESS - FAIR TRIAL (CONSPIRACY)

46.    Plaintiff incorporates herein ¶¶3 through 45, above, as though fully set forth hereunder.

47.    At all times relevant hereunder, the Plaintiff enjoyed the right to a fair trial as enumerated in the Fifth and Fourteenth Amendments to the Constitution of the United States, including the right to notice and disclosure of evidence that tends to negate the guilt of the Plaintiff.

48.    At all relevant times, the Defendants, John Haleas, Linda Romano and/or, Saul Basurto, as well as other as-yet unknown co-conspirators, accomplished an unlawful result through individual and/or concerted action, in that they agreed, through explicit or implicit means, to withhold, conceal and/or destroy evidence that tended to negate the Plaintiff's guilt for the crimes with which he was charged, and/or to fabricate evidence that incriminated the Plaintiff.

49.    In furtherance of said agreement, the Defendants, John Haleas, Linda Romano and/or Saul Basurto, unlawfully withheld, concealed and/or destroyed exculpatory evidence and/or fabricated inculpatory evidence.

50. At all times relevant hereto, the Defendants, John Haleas Linda Romano and Saul Basurto, were acting under color of law, and their individual and/or concerted conduct as described hereinabove was done with deliberate indifference to the rights of the Plaintiff.

51. Defendants' individual acts and/or conspiracy as described above violated Plaintiff's right to a fair trial as guaranteed in the Fifth and Fourteenth Amendments to the United States Constitution and has caused Plaintiff to suffer, and will in the future continue to suffer, severe damages including loss of reputation, mental anguish, emotional distress, and legal expenses, as alleged herein.

WHEREFORE, the Plaintiff, Julio Martinez, Jr., demands judgment against the Defendants, John Haleas, Linda Romano and Saul Basurto, jointly and severally, for compensatory and punitive damages in a sum in excess of $1,000,000.00 and for his attorneys' fees and costs pursuant to 42 U.S.C. 1988.

## COUNT VII
### STATE LAW CLAIM - MALICIOUS PROSECUTION AND CONSPIRACY

52. Plaintiff incorporates by reference herein ¶¶3 through 51 above, as though fully set forth herein.

53. At all relevant times, the Defendants, John Haleas, Linda Romano and Saul Basurto, lacked probable cause to detain, arrest and/or charge the Plaintiff for a violation of any law, statute or ordinance of any jurisdiction.

54.    At all relevant times, the Defendants, John Haleas, Linda Romano and Saul Basurto, were acting within the scope of their employment with the Defendant, City of Chicago, and were its duly appointed agents.

55.    At all relevant times, the Defendants, John Haleas, Linda Romano and Saul Basurto, as well as other as-yet unknown co-conspirators, accomplished an unlawful result through individual and concerted action, in that they agreed, through explicit or implicit means, to falsely and maliciously charge the Plaintiff, Julio Martinez, Jr., with violations of criminal provisions of the Illinois Criminal and Vehicle Codes without probable cause to do so.

56.    As set forth above, and in furtherance of said agreement, the Defendants, John Haleas, Linda Romano and Saul Basurto, falsified police reports, filed false criminal charges initiating judicial proceedings, withheld, concealed and/or destroyed exculpatory evidence, fabricated incriminating evidence and/or lied under oath.

57.    As set forth above,  the criminal charges initiated by the Defendants, John Haleas, Linda Romano and Saul Basurto, were filed with malice and disposed of in favor of the Plaintiff in a manner indicative of the actual innocence of the Plaintiff.

58.    As the proximate result of the false and malicious prosecution as set forth above, the Plaintiff has suffered and will continue in the future to suffer injuries of a personal and pecuniary nature.

WHEREFORE, the Plaintiff, Julio Martinez, Jr., demands judgment against the Defendants, John Haleas, Linda Romano and Saul Basurto, and the City of Chicago, jointly and severally, for compensatory and punitive damages in a sum in excess of $1,000,000.00.

COUNT VIII
ILLINOIS STATE COMMON LAW
BATTERY - CONSPIRACY

59.    Plaintiff incorporates herein ¶¶3 through 58, above, as though fully set forth in this paragraph.

60.    On March 18, 2006, the Defendants, John Haleas, Linda Romano and Saul Basurto,  accomplished an unlawful result through individual and/or concerted action in that they agreed, through explicit or implicit means, to cause bodily harm to the Plaintiff without any lawful justification to do so.  At all relevant times, the Defendants, John Haleas, Linda Romano and Saul Basurto, were acting within the scope of their employment with the Defendant, City of Chicago, and were its duly appointed agents.

61.    In furtherance of said agreement, the Defendants, John Haleas, Linda Romano and/or John Basurto, intentionally made contact of a physical nature with the Plaintiff causing him severe injuries, and the Defendants, John Haleas, Linda Romano and/or Saul Basturto, intentionally permitted access to the Plaintiff where the physical contact occurred and/or intentionally failed to intervene to protect the Plaintiff, and subsequent to these events made false statements concealing the occurrence.

62.    As a proximate result of the aforesaid intentional acts and/or failures to act of the Defendants, the Plaintiff has suffered, and will continue in the future to suffer, injuries of a personal and pecuniary nature.

WHEREFORE, the Plaintiff, Julio Martinez, Jr., demands judgment against the Defendants, John Haleas, Linda Romano and Saul Basurto, and the City of Chicago, jointly and severally, for compensatory and punitive damages in a sum in excess of $1,000,000.00.

COUNT IX
ILLINOIS STATE COMMON LAW
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS - CONSPIRACY

63.    Plaintiff incorporates herein ¶¶3 through 62, above, as though fully set forth in this paragraph.

64.    On and after August 4, 2007, the Defendants, John Haleas, Linda Romano and Saul Basurto, accomplished an unlawful result through individual and/or concerted action in that they agreed, through explicit or implicit means, to cause bodily harm to the Plaintiff without any lawful justification to do so and to falsely and maliciously arrest and prosecute her. At all relevant times, the Defendants, John Haleas, Linda Romano and Saul Basurto, were acting within the scope of their employment with the Defendant, City of Chicago, and were its duly appointed agents.

65.    In furtherance of said agreement, the Defendants falsely and maliciously detained, arrested and charged the Plaintiff with violations of the Illinois Vehicle and Criminal Codes, intentionally made contact of a physical nature with the Plaintiff

causing him severe injuries, and/or intentionally permitted access to the Plaintiff where the physical contact occurred and/or intentionally failed to intervene to protect the Plaintiff, and subsequent to these events all Defendants made false statements concealing their individual and/or concerted conduct.

66.    The above described conduct is extreme and outrageous and committed with the intent to cause, or with awareness of the high probability that it would cause, the Plaintiff extreme emotional distress.

67.    As a proximate result of the above described conduct of the Defendants, the Plaintiff has suffered, and will in the future continue to suffer, severe damages, including extreme emotional distress and pecuniary injuries.

WHEREFORE, the Plaintiff, Julio Martinez, Jr., demands judgment against the Defendants John Haleas, Linda Romano, Saul Basurto and the City of Chicago, jointly and severally, for compensatory and punitive damages in a sum in excess of $1,000,000.00.

COUNT X
STATE LAW – INDEMNITY

68.    Plaintiff incorporates by reference herein ¶¶3 through 67 above, as though fully set forth herein.

69.    At all relevant times, Defendants, John Haleas, Linda Romano and Saul Basurto, were acting on behalf of and/or within the scope of their employment with the Defendant, City of Chicago.

70.   As a result of Defendants' conduct, Plaintiff is seeking monetary damages, attorney=s fees, costs and interest.

71.   Illinois law directs local public entities to pay any tort judgment or settlement for which it or an employee while acting within the scope of his employment is liable.  745 ILCS 10/9-101 (West 2007).

WHEREFORE, the Plaintiff, Julio Martinez, Jr., demands judgment against the Defendants, City of Chicago, as indemnor, for compensatory damages awarded against or agreed to be paid by the Defendants, Linda  Romano, John Haleas and/or Saul Basurto, as such amounts may be adjudged or determined, that any law enforcement, court or other official record created or generated as a result of the unconstitutional acts alleged herein be expunged, and any other relief the Court deems just and appropriate.

PLAINTIFF DEMANDS TRIAL BY JURY

Respectfully submitted by:
By: s/ Patrick L. Provenzale
Terry A. Ekl, Atty No.: 00727105
Patrick L. Provenzale, Atty No: 6225879
EklWilliams PLLC
Two Arboretum Lakes
901 Warrenville Road, Suite 175
Lisle, IL 60532
(630) 654-0045
(630) 654-0150 Facsimile
tekl@eklwilliams.com
pprovenzale@eklwilliams.com
Attorneys for Plaintiff