IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JULIO MARTINEZ, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> OFFICER JOHN HALEAS #6719, ) <br> OFFICER LINDA ROMANO #9875 and ) <br> OFFICER SAUL BASURTO #11660, and ) <br> CITY OF CHICAGO, an Illinois Municipal ) <br> Corporation, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 08 C 1014 <br><br> Judge Amy J. St. Eve <br><br> Magistrate Judge Geraldine Soat Brown |

### DEFENDANTS' JOINT COMBINED MOTION TO DISMISS CERTAIN COUNTS AND MEMORANDUM OF LAW

NOW COME Defendants, OFFICER JOHN HALEAS, by and through his attorneys, QUERREY & HARROW, LTD., and OFFICER LINDA ROMANO, OFFICER SAUL BASURTO, and the CITY OF CHICAGO, by and through their attorney, Terrence M. Burns of DYKEMA GOSSETT PLLC, and pursuant to Fed. R. Civ. Proc.12(b)(6), for their Joint Combined Motion to Dismiss Counts III and VIII of the First Amended Complaint and Memorandum of Law in Support, state as follows:

### INTRODUCTION

On February 19, 2008 Plaintiff filed this lawsuit alleging various violations of Plaintiff's Fourth, Fifth and Fourteenth Amendments rights, including unlawful and unauthorized detention, arrest, excessive force, and state law malicious prosecution. The entire lawsuit stems from the March 18, 2006 arrest of Plaintiff and subsequent DUI prosecution. (Plaintiff's Complaint, ¶¶ 8-18) (Dkt. #1).

On August 8, 2008, Plaintiff filed his First Amended Complaint (Dkt. #61). The specific counts are as follows:

> Count I - 42 U.S.C. §1983 - Fourth Amendment - False Arrest (Conspiracy);
>
> Count II - 42 U.S.C. §1983 – Fourth Amendment - Excessive Force (Conspiracy)
>
> Count III - 42 U.S.C §1983 - Fourth Amendment – Malicious Prosecution (Conspiracy)
>
> Count IV – 42 U.S.C. §1983 - Due Process – Police Brutality (Conspiracy);
>
> Count V – 42 U.S.C. §1983 - Due Process – Police Brutality (Failure To Intervene);
>
> Count VI - 42 U.S.C. §1983 – Due Process – Fair Trial (Conspiracy);
>
> Count VII – State Law Claim – Malicious Prosecution And Conspiracy;
>
> Count VIII – Illinois State Common Law – Battery – Conspiracy;
>
> Count IX – Illinois State Common Law – Intentional Infliction Of Emotional Distress – Conspiracy;
>
> Count X – State Law – Indemnity

Plaintiff's First Amended Complaint for the first time brings a §1983 claim for malicious prosecution under the Fourth Amendment (Count III), and a state law claim for battery (Count VIII). For the reasons set forth below, both counts should be dismissed with prejudice.

## ARGUMENT

### I. Standard of Review

Under Rule 12(b)(6), a claim may be dismissed if, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (*quoting Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984)). In reviewing a motion to dismiss, a district court's review

is limited to the four corners of the complaint. *Gomez v. Illinois State Bd. of Ed.*, 811 F.2d 1030, 1039 (7th Cir. 1987). The court should take the well-pleaded factual allegations of the complaint and view them, as well as reasonable inferences drawn from them, in the light most favorable to the plaintiff. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). A court is not obligated to accept a complaint that merely raises the possibility of relief.. *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). In addition, a court should not strain to find inferences not plainly apparent from the face of the complaint. *Hishon*, 467 U.S. at 73. Furthermore, it should be noted that "litigants may plead themselves out of court by alleging facts that may establish defendants' entitlement to prevail." *Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998).

## II. There is no cause of action for Malicious Prosecution under 42 U.S.C. §1983.

Count III of Plaintiff's First Amended Complaint for malicious prosecution is brought pursuant to 42 U.S.C. §1983. However, the Seventh Circuit does not recognize malicious prosecution actions pursuant to §1983 given the existence of a state law remedy. *See Smith v. Lamz*, 321 F.3d 680, 684 (7th Cir. 2003) (citing *Newsome v. McCabe*, 256 F.3d 747, 750-51 (7th Cir. 2001)). The United States Supreme Court has held the opportunity for state law remedies for wrongful prosecution claims precludes any constitutional theory of the tort. *Albright v. Oliver*, 510 U.S. 266, 127 L. Ed. 2d 114, 114 S. Ct. 807 (1994). Accordingly, Plaintiff has failed to allege a legally viable cause of action in Count III of his First Amended Complaint. The Seventh Circuit's holdings in *Smith* and *Newsome* are fatal to Count III, which should be dismissed with prejudice. To the extent Count X seeks indemnification from the City pursuant to the claim in Count III, it should likewise be dismissed. Finally, those

3

portions of Plaintiff's First Amended Complaint (*see e.g.*, paragraphs 38, 42, 46, 52, and 63) that "incorporate by reference" Count III (and paragraph 31 through 37), should be stricken.

### III.   Plaintiff's battery claim is barred by a one-year statute of limitations.

Plaintiff's state law claim for battery in Count VIII is time-barred by the application of the one-year statute of limitations provided by the Illinois Local Governmental and Governmental Employees Tort Immunity Act (the "Tort Immunity Act"). *Day v. Conwell*, 244 F.Supp.2d 961, 964 (N.D. Ill. 2003) (One year limitations period found in the Illinois Tort Immunity Act, 745 ILCS 10/8-101, applies to state law claims). The incident Plaintiff complains of occurred on March 18, 2006. Accordingly, Plaintiff was obligated to file suit and name the defendants for his state law battery claim no later than March 18, 2007, one year after the incident. Plaintiff's original complaint was filed on February 19, 2008, eleven months after the applicable statute of limitations had expired. More significantly, Plaintiff first raised a state law battery claim when he filed his First Amended Complaint on August 8, 2008 – almost seventeen months after expiration of the applicable statute of limitations.

Section 10/206 of the Tort Immunity Act, 745 ILCS 10/206, applies to the Chicago Police Department and its employees. The statute of limitations applicable to Count VIII (state claim) is found in Section 10/8-101 of the Tort Immunity Act (*see Day v. Conwell, supra*). That Section states in pertinent part:

> (a) No civil action other than an action described in subsection (b) may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued…
>
> (c) For purposes of this Article, the term "civil action" includes any action, whether based upon the common law or statutes or Constitution of this State.

4

745 ILCS 10/8-101.

Based on the events alleged in Plaintiff's First Amended Complaint, plaintiff's battery claim accrued in this matter on March 18, 2006. *See Gonzalez v. Entress*, 133 F.3d 551, 553 (7th Cir. 1998). The one-year statute of limitations for this state claims expired on March 18, 2007. Count VIII is barred by the one-year statute of limitations since it was first asserted on August 8, 2008.[1] Therefore, Plaintiff's state claim for battery (Count VIII) is untimely and should be dismissed with prejudice.

## **CONCLUSION**

For the foregoing reasons, this Court should dismiss with prejudice Counts III and VIII of Plaintiff's First Amended Complaint. Count III attempts to assert a claim not recognized by federal law. Count VIII is time-barred under the applicable statute of limitations. Further, this Court should dismiss those portions of any subsequent counts, including plaintiff's indemnity claim in Count X, that incorporate and rely on the allegations in Counts III and VIII.

---

[1] Even if plaintiff tries to argue the claim in Count VIII relates back to the filing of the original complaint, it is still time-barred. The original complaint was filed February 19, 2008, eleven months *after* expiration of the statute of limitations.

WHEREFORE, defendants, JOHN HALEAS, LINDA ROMANO, SAUL BASURTO, and the CITY OF CHICAGO, respectfully request that pursuant to Rule 12(b)(6), this Court enter an order dismissing Counts III and VIII of Plaintiff's First Amended Complaint, and for any other relief this Court deems appropriate and/or just.

Respectfully submitted,

By: s/ Daniel F. Gallagher
One of the Attorneys for Defendant,
JOHN HALEAS

By: s/Terrence M. Burns
One of the Attorneys for Defendants,
LINDA ROMANO, SAUL BASURTO,
CITY OF CHICAGO

Daniel F. Gallagher
Larry Kowalcyk
Dominick L. Lanzito
Querrey & Harrow, Ltd.
175 W. Jackson Blvd.
Suite 1600
Chicago, IL 60604-2827
(312) 540-7000

Terrence M. Burns
Paul A. Michalik
Daniel M. Noland
Gregory L. Lacey
Dykema Gossett PLLC
10 S. Wacker Drive
Suite 2300
Chicago, IL 60606
(312) 876-1155

Document #: 1354729