**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JULIO MARTINEZ, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.:  08 C 1014 |
| | ) |
| OFFICER JOHN HALEAS #6719, OFFICER | ) Judge St. Eve |
| LINDA ROMANO #9875 and OFFICER | ) |
| SAUL BASURTO #11660, and CITY OF | ) Magistrate Judge Brown |
| CHICAGO, an Illinois Municipal | ) |
| Corporation, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANT CITY OF CHICAGO'S ANSWER**
**TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant, CITY OF CHICAGO ("City"), by its attorney, Terrence M. Burns of Dykema

Gossett, PLLC, for its answer to plaintiff's first amended complaint, states:

**INTRODUCTION**

1.      This action is brought seeking damages as redress for Defendants' violations
of the Plaintiff's rights enumerated under the Fourth and Fourteenth Amendments to the
Constitution of the United States of America, and state law malicious prosecution and
battery, which violations and torts resulted from the Defendants' unlawful and unauthorized
detention, arrest and charging of the Plaintiff, the unlawful use of excessive force and/or
brutality against the Plaintiff causing severe bodily and personal injuries, the unlawful
failure to intervene regarding the aforementioned and the intentional withholding and/or
destruction of exculpatory evidence resulting in a deprivation of the Plaintiff's right to a fair
trial, all of which have caused the Plaintiff's significant and severe damages, including
personal and pecuniary injuries.

**ANSWER:**    Defendant City admits plaintiff's first amended complaint seeks damages, invokes

the Fourth and Fourteenth Amendments to the United States Constitution, and purports to assert

federal and state law claims.  Defendant City denies any and all liability to plaintiff for any of the

federal or state law claims asserted in the first amended complaint, and it denies plaintiff is

entitled to money damages from it pursuant to those claims. Defendant City denies any remaining allegations contained in paragraph 1.

## JURISDICTION AND VENUE

2.     This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1331 and §1343(a)(3), as the Federal Claims are brought under 42 U.S.C. §1983, and venue pursuant to 28 U.S.C. §1391(b), as the parties reside in this district and the events giving rise to the claims occurred in this district. The Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a).

**ANSWER:**     Defendant City admits plaintiff's first amended complaint includes "federal claims" that invoke the jurisdiction of this Court. Defendant City admits 28 U.S.C. §1367(a) provides for supplemental jurisdiction over certain claims, and that plaintiff's first amended complaint includes "state law claims" that invoke the supplemental jurisdiction of this Court. Defendant City admits venue is proper in the United States District Court, Northern District of Illinois, for plaintiff's claims. Defendant City denies liability to plaintiff for any of the claims asserted in the first amended complaint. Defendant City is without knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations contained in paragraph 2.

## THE PARTIES

3.     On and since March 18, 2006, the Plaintiff, Julio Martinez, was a citizen of the United States of America, resided in River Grove, Illinois, and enjoyed all rights and entitlements enumerated in the Constitution of the United States of America and all Amendments thereto.

**ANSWER:**     Based on information contained in Chicago Police Department reports, Defendant City admits that on March 18, 2006, plaintiff gave a home address in River Grove, Illinois. Defendant City is without knowledge or information sufficient to form a belief as to the truth or falsity of any information provided by plaintiff. Defendant City is without knowledge or

information sufficient to form a belief as to the truth or falsity of any remaining allegations contained in paragraph 3.

4.     On and for some time after March 18, 2006, the Defendant, John Haleas, was a duly sworn peace officer under the laws of the State of Illinois possessed of law enforcement authority under Illinois law, and at all relevant times set forth herein was acting under color of law and within the scope of his employment with the City of Chicago. Mr. Haleas is sued in his individual capacity. Upon information and belief, the Defendant resides in Cook County, Illinois.

**ANSWER:**     Defendant City admits that on March 18, 2006, defendant John Haleas was a duly appointed and sworn police officer employed by the Chicago Police Department, and that he would have been acting under color of law and as an employee of the Chicago Police Department in the performance of the duties of his office. Defendant City admits Mr. Haleas has been sued in his individual capacity. Defendant City admits upon information and belief Mr. Haleas resides in Cook County, Illinois. Defendant City denies any remaining allegations contained in paragraph 4 inconsistent with the foregoing.

5.     On March 18, 2006, the Defendant, Linda Romano, was a duly sworn peace officer under the laws of the State of Illinois possessed of law enforcement authority under Illinois law, and at all relevant times set forth herein was acting under color of law and within the scope of her employment with the City of Chicago. Ms. Romano is sued in her individual capacity. Upon information and belief, the Defendant resides in Cook County, Illinois.

**ANSWER:**     Defendant City admits that on March 18, 2006, defendant Linda Romano was a duly appointed and sworn police officer employed by the Chicago Police Department, and that she would have been acting under color of law and as an employee of the Chicago Police Department in the performance of the duties of her office. Defendant City admits Ms. Romano has been sued in her individual capacity. Defendant City admits upon information and belief Ms. Romano resides in Cook County, Illinois. Defendant City denies any remaining allegations contained in paragraph 5 inconsistent with the foregoing.

6.      On March 18, 2006, the Defendant, Saul Basurto, was employed as a lock-up keeper at the 25th District of the Chicago Police Department, and at all relevant times set forth herein was acting under color of law and within the scope of his employment with the City of Chicago.  Mr. Basurto is sued in his individual capacity.  Upon information and belief, the Defendant resides in Cook County, Illinois.

**ANSWER:**     Defendant City admits that on March 18, 2006, defendant Saul Basurto was a duly appointed and sworn police officer employed by the Chicago Police Department, and that he would have been acting under color of law and as an employee of the Chicago Police Department in the performance of the duties of his office.  Based on information contained in Chicago Police Department reports, Defendant City admits Officer Basurto was assigned and worked as lock up keeper at the CPD's 25th District station on March 18, 2006.  Defendant City admits Mr. Basurto has been sued in his individual capacity.  Defendant City admits upon information and belief Mr. Basurto resides in Cook County, Illinois.  Defendant City denies any remaining allegations contained in paragraph 6 inconsistent with the foregoing.

7.      On March 18, 2006, the Defendant, City of Chicago, was a municipal corporation organized and chartered under the laws of the State of Illinois, obligated to indemnify employees for judgments resulting from conduct occurring within the scope of employment.

**ANSWER:**     Defendant City admits that on March 18, 2006, it was a municipal corporation duly incorporated under the laws of the State of Illinois.  Defendant City states that the allegations in paragraph 7 as to its obligation "to indemnify employees for judgments" consist of conclusions of law so vague that Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  Defendant City admits the existence of 745 ILCS 10/9-102, but denies any liability to plaintiff pursuant to that statute.  Defendant City further denies paragraph 7 presents an accurate or complete statement of Illinois law.

## FACTS COMMON TO ALL COUNTS OF THE COMPLAINT

8.      In the early morning hours of March 18, 2006, the Plaintiff, Julio Martinez, Jr., was operating a motor vehicle eastbound on Diversey Avenue in Chicago, Illinois, in the

area of the intersection with Meade Street.  At the time that the Plaintiff was operating his motor vehicle, he was not violating any law, statute or ordinance of any jurisdiction.

**ANSWER:**    Based upon police department reports, Defendant City admits plaintiff was operating a motor vehicle on eastbound Diversey Avenue in Chicago, Illinois, in the early morning hours of March 18, 2006.  Based upon police department reports, Defendant City denies the remaining allegations contained in paragraph 8.

9.     In the early morning hours of March 18, 2006, the Defendant, Linda Romano, was present in her patrol vehicle in the vicinity of the intersection of Diversey Avenue and Meade Street in Chicago, Illinois, around the same time as the Plaintiff.  At some point, the Defendant, Linda Romano, observed the Plaintiff's vehicle, but did not observe the Plaintiff or Plaintiff's vehicle violating any law, statute or ordinance of any jurisdiction.

**ANSWER:**    Based upon police department reports, Defendant City admits defendant Officer Linda Romano was present in her patrol vehicle on Diversey Avenue in the early morning hours of March 18, 2006, and that she observed plaintiff driving his vehicle on eastbound Diversey Avenue at that time and location.  Based upon police department reports, Defendant City denies the remaining allegations contained in paragraph 9.

10.     Without any probable cause or reasonable articulable suspicion that the Plaintiff or the Plaintiff's vehicle had committed, was committing or was about to commit any violation of any law, statute or ordinance of any jurisdiction, the Defendant, Linda Romano, activated her overhead emergency lights and audible siren and effected a stop and detention of the Plaintiff and his vehicle.

**ANSWER:**    Defendant City admits Officer Romano stopped and detained plaintiff and his vehicle at or around the 5600 West block of Diversey Avenue in Chicago in the early morning hours of March 18, 2006, for traffic violations.  Based on police department reports, Defendant City denies the remaining allegations contained in paragraph 10.

11.     At some point after making contact with the Plaintiff, the Defendant, Linda Romano, ordered the Plaintiff out of his vehicle, motioning toward her service revolver and stating to him "get the fuck out of the car right now."  When the Plaintiff exited his vehicle, the Defendant, Linda Romano, forcibly handcuffed the Plaintiff and placed him in custody. At the time that the Plaintiff was handcuffed and taken into custody by the Defendant, Linda

Romano, the Plaintiff had not committed, was not committing and was not about to commit any violation of any law, statute or ordinance of any jurisdiction.

**ANSWER:**    Defendant City admits Officer Romano stopped plaintiff and his vehicle for traffic violations at or around the 5600 West block of Diversey Avenue in Chicago in the early morning hours of March 18, 2006, and that Officer Romano subsequently took plaintiff into custody.  Based on police department reports, Defendant City denies the remaining allegations contained in paragraph 11.

12.    The Defendant, Linda Romano, transported the Plaintiff to the 25th District station of the Chicago Police Department.  There, the Plaintiff came into contact with the Defendant, John Haleas.

**ANSWER:**    Based upon police department reports, Defendant City admits plaintiff was transported to the 25th District station of the Chicago Police Department on March 18, 2006, and that Officer Haleas subsequently became involved with plaintiff at the 25th District station. Defendant City lacks knowledge or information sufficient to form a belief as to truth or falsity of any remaining allegations contained in paragraph 12.

13.    While in the 25th District station, the Defendant, John Haleas, unlawfully and without provocation, physically grabbed and choked the Plaintiff and slammed the Plaintiff's head into a wall.  At the time that this unlawful activity was occurring, the Defendants, Linda Romano and Saul Basurto, were present and aware of the unlawful conduct of the Defendant, John Haleas, but said Defendants failed to intervene to protect the Plaintiff despite a reasonable opportunity to do so.

**ANSWER:**    Defendant City denies any knowledge of the misconduct alleged paragraph 13, and it therefore denies the allegations contained therein.

14.    Thereafter, the Defendant, John Haleas, prepared and filed a false report in which he claimed that he and the Defendant, Linda Romano, observed the Plaintiff exhibiting signs of the consumption of alcohol and impairment by alcohol, as well as observations that the Plaintiff committed various moving violations of the Illinois Vehicle Code, and observed the Plaintiff kick out a window in the 25th District station.  Based upon this false report and the intentional withholding of exculpatory evidence and/or the fabrication of incriminating evidence, the Defendants, John Haleas and Linda Romano, initiated a false prosecution of the Plaintiff wherein he was charged with Driving Under the

Influence of Alcohol and other violations of the Illinois Vehicle Code, and one felony charge of Criminal Damage to State Supported Property.

**ANSWER:**     Defendant City admits Officers Haleas and Romano prepared reports indicating plaintiff was observed violating traffic laws, had a strong odor of alcohol on his breath, showed of signs of impairment, had great and noticeable difficulty in walking and standing, failed sobriety tests at the police station, and subsequently kicked out a window of a holding room door causing extensive damage.  Defendant City admits plaintiff was charged with multiple offenses including driving under the influence of alcohol, violations of the Illinois Vehicle Code, and a felony charge of criminal damage to state property.  Defendant City denies knowledge of any falsification of reports, withholding of exculpatory evidence, or fabrication of incriminating evidence concerning plaintiff.  Defendant City lacks knowledge or information sufficient to form a belief as to truth or falsity of any remaining allegations contained in paragraph 14.

15.     After March 18, 2006, the Circuit Court of Cook County entered a finding of no probable cause after a preliminary hearing on the false felony charge of Criminal Damage to State Supported Property.

**ANSWER:**     Defendant City is without knowledge or information sufficient to form a belief as to truth or falsity of the allegations contained in paragraph 15.

16.     After the Plaintiff was falsely arrested and charged as set forth above, and it is believed after the above finding of no probable cause, the Defendant, John Haleas, was investigated for filing one or more false police reports in connection with his employment as a police officer, for which false reports wrongful criminal charges were filed.

**ANSWER:**     Defendant City admits the Chicago Police Department received a complaint alleging misconduct against Defendant Haleas and initiated an investigation.  Defendant City denies that the alleged misconduct against Haleas involved plaintiff or plaintiff's arrest on March 18, 2006.  To the extent it understands them, Defendant City denies the remaining allegations contained in paragraph 16.

17.    Following this investigation, and prior to November 7, 2007, the Defendant, John Haleas, was stripped of his assignment as a patrol officer and has since been indicted on 10 felony counts including Official Misconduct, Obstructing Justice and Perjury under 08 CR 7115.

**ANSWER:**    Defendant City admits the Chicago Police Department received a complaint alleging misconduct against Defendant Haleas and initiated an investigation. Defendant City denies that the complaint against Haleas involved plaintiff or plaintiff's arrest on March 18, 2006. Defendant City admits Defendant Officer Haleas was indicted by a grand jury of the Circuit Court of Cook County, Illinois, in April 2008, and that Haleas has been removed from duty as a patrol officer. Defendant City is without knowledge or information sufficient to form a belief as to truth or falsity of any remaining allegations contained in paragraph 17.

18.    Finally, on November 7, 2007, the Circuit Court of Cook County dismissed all charges against the Plaintiff on the motion of the Office of the Cook County State's Attorney for reasons detailed above indicative of the actual innocence of the Plaintiff for all false criminal charges referred to above.

**ANSWER:**    Defendant City is without knowledge or information sufficient to form a belief as to truth or falsity of the allegations contained in paragraph 18 concerning the criminal proceedings involving plaintiff in the Circuit Court of Cook County. Defendant City denies any remaining allegations contained in paragraph 18.

## COUNT I
### 42 U.S.C. §1983
### FOURTH AMENDMENT – FALSE ARREST (CONSPIRACY)

The City of Chicago is not a party defendant from which plaintiff seeks relief in count I. The City therefore does not answer or respond to the allegations in this count except to the extent plaintiff realleges and incorporates certain paragraphs in a later count against the City.

19.    Plaintiff incorporates herein ¶¶3 through 18, above, as though fully set forth hereunder.

**ANSWER:**    Defendant City adopts and restates its answers and responses to paragraphs 3

through 18 as and for its answer and response to paragraph 19 as though fully set forth herein.

20.    At all relevant times, the Plaintiff, Julio Martinez, Jr., enjoyed and possessed a right under the Fourth Amendment to the Constitution of the United States to be free from unreasonable searches and seizures and to be secure in his personal effects and property.

**ANSWER:**    Defendant City admits plaintiff possessed rights under the Fourth Amendment to

the Constitution of the United States.  This Defendant denies it violated any of those rights.

21.    At all relevant times, the Defendants, Linda Romano and John Haleas, as well as other as-yet unknown co-conspirators, accomplished an unlawful result through individual and/or concerted action, in that they agreed, through explicit or implicit means, to effect the unlawful detention and arrest of the Plaintiff, Julio Martinez, Jr., without lawful authority in the form of reasonable articulable suspicion, probable cause, a judicial warrant or writ.

**ANSWER:**    Based upon police department reports, Defendant City denies the allegations

contained in paragraph 21.

22.    In furtherance of said agreement, the Defendants, Linda Romano and John Haleas, unlawfully detained, arrested, and falsely charged the Plaintiff and manufactured and fabricated evidence against him, and withheld the existence and disclosure of exculpatory evidence.

**ANSWER:**    Based upon police department reports, Defendant City denies the allegations of

paragraph 22 that plaintiff was unlawfully detained, arrested, and falsely charged.  Defendant

City denies knowledge of any withholding of exculpatory evidence or fabrication of evidence

concerning plaintiff, and it therefore denies the remaining allegations contained in paragraph 22.

23.    At all times relevant hereto, the Defendants, Linda Romano and John Haleas, were acting under color of law, and their individual and/or concerted conduct as described hereinabove was done with deliberate indifference to the rights of the Plaintiff.

**ANSWER:**    Defendant City admits that, on March 18, 2006, defendant Officers Haleas and

Romano would have been acting under color law as employees of the Chicago Police

Department in performing the lawful duties of their offices.  Based upon police department

reports, Defendant City has denied the allegations of misconduct asserted in plaintiff's first amended complaint, and it therefore denies the remaining allegations contained in paragraph 23.

24.     Defendants' individual acts and/or conspiracy as described above violated Plaintiff's right to be free from unreasonable searches and seizures as provided in the Fourth Amendment to the United States Constitution and has caused Plaintiff to suffer, and will in the future continue to suffer, severe damages including loss of reputation, mental anguish, emotional distress, and legal expenses, as alleged herein.

**ANSWER:**     Based upon police department reports, Defendant City has denied the allegations of misconduct asserted in the first amended complaint, and it therefore denies the allegations contained in paragraph 24.  In further response, Defendant City denies liability to plaintiff for any of the claims asserted in the first amended complaint.

## COUNT II
### 42 U.S.C. §1983
### FOURTH AMENDMENT – EXCESSIVE FORCE (CONSPIRACY)

The City of Chicago is not a party defendant from which plaintiff seeks relief in count II. The City therefore does not answer or respond to the allegations in this count except to the extent plaintiff realleges and incorporates certain paragraphs in a later count against the City.

25.     Plaintiff incorporates all prior allegations in ¶¶3 through 24 as if fully set forth in this paragraph.

**ANSWER:**     Defendant City adopts and restates its answers and responses to paragraphs 3 through 24 as and for its answer and response to paragraph 25 as though fully set forth herein.

26.     On March 18, 2006, the Plaintiff possessed the right guaranteed under the Fourth Amendment to the United States Constitution to be free from unreasonable seizures of his person.

**ANSWER:**     Defendant City admits plaintiff possessed rights under the Fourth Amendment to the Constitution of the United States.  This Defendant denies it violated any of those rights.

27.     On March 18, 2006, the Defendants, John Haleas, Linda Romano and Saul Basurto, as well as other as-yet unknown co-conspirators, accomplished an unlawful result through individual and/or concerted action in that they agreed, through explicit or implicit

means, to inflict bodily harm on the Plaintiff without any objectively reasonable circumstance in justification to do so.

**ANSWER:**    Defendant City denies knowledge of any agreement among the defendant officers to inflict bodily harm on plaintiff without justification, and it therefore denies the allegations of paragraph 27.

28.    In furtherance of said agreement, the Defendants, Haleas and/or Basurto, or other as-yet unknown co-conspirators, physically beat the Plaintiff causing him severe injuries, and the Defendants, John Haleas, Linda Romano and/or Saul Basurto, and/or other as-yet unknown co-conspirators, permitted the Defendant(s) or other as-yet unknown co-conspirators access to the Plaintiff and/or failed to intervene to protect the Plaintiff when there was an objectively reasonable opportunity to do so.

**ANSWER:**    Defendant City denies knowledge of any agreement among the defendant officers to inflict bodily harm on plaintiff without justification.  Defendant City further denies any knowledge of the additional misconduct alleged paragraph 28, and it therefore denies the allegations contained therein.

29.    On March 18, 2008, the conduct of the Defendants was not objectively reasonable within the meaning of the Fourth Amendment to the Constitution of the Untied [*sic*] States given the totality of the circumstances that the Plaintiff was already in custody, handcuffed and/or completely defenseless.

**ANSWER:**    Based upon police department reports, Defendant City has denied the allegations of misconduct asserted against defendant officers in the first amended complaint, which is the underlying premise of paragraph 29, and it therefore denies the allegations contained therein.

30.    Defendants' individual acts, failures to act and/or conspiracy as described above violated Plaintiff's right to be free from unreasonable seizure as provided in the Fourth Amendment to the United States Constitution and has caused Plaintiff to suffer, and will in the future continue to suffer, severe damages including personal injuries, loss of reputation, mental anguish, emotional distress, and legal and medical expenses, as alleged herein.

**ANSWER:**    Based upon police department reports, Defendant City has denied the allegations of misconduct asserted in the first amended complaint, and it therefore denies the allegations

contained in paragraph 30.  In further response, Defendant City denies liability to plaintiff for any of the claims asserted in the first amended complaint.

**COUNT III**
**42 U.S.C. §1983**
**FOURTH AMENDMENT –MALICIOUS PROSECUTION (CONSPIRACY)**

Defendant City has moved to dismiss count III of plaintiff's first amended complaint. Therefore, Defendant City makes no further response to this count (including paragraphs 31 through 37, inclusive) at this time.

**COUNT IV**
**DUE PROCESS - POLICE BRUTALITY (CONSPIRACY) – 42 U.S.C. §1983**

The City of Chicago is not a party defendant from which plaintiff seeks relief in count IV.  The City therefore does not answer or respond to the allegations in this count except to the extent plaintiff realleges and incorporates certain paragraphs in a later count against the City.

38.    Plaintiff incorporates herein ¶¶3 through 37, above, as though fully set forth hereunder.

**ANSWER:**    Defendant City adopts and restates its answers and responses to paragraphs 3 through 37 as and for its answer and response to paragraph 38 as though fully set forth herein.

39.    At all relevant times, the Plaintiff, Julio Martinez, Jr., enjoyed and possessed a right under the Fourteenth Amendment to the Constitution of the United States to be free from arbitrary and indifferent intrusions of his bodily health and integrity that shock the conscience, including the infliction of police brutality against him.

**ANSWER:**    Defendant City admits plaintiff possessed rights under the Fourteenth Amendment to the Constitution of the United States.  This Defendant denies it violated any of those rights.

40.    As described above, the conduct of the Defendants, John Haleas, Linda Romano and/or Saul Basturto, and/or as-yet unknown co-conspirators, was intentionally carried out with willful and deliberate indifference to the health and welfare of the Plaintiff, and constituted conduct that shocks the conscience in violation of the Fourteenth Amendment to the Constitution of the United States. At times relevant hereto, the

12

Defendants, John Haleas, Linda Romano and Saul Basturto, were acting under color of law and within the scope of their employment.

**ANSWER:**     Defendant City admits that on March 18, 2006, Defendant Officers Haleas, Romano, and Basurto would have been acting under color law as employees of the Chicago Police Department in performing the lawful duties of their offices.   Based upon police department reports, Defendant City has denied the allegations of misconduct asserted in plaintiff's first amended complaint, which is the underlying premise of paragraph 40, and it therefore denies the remaining allegations contained therein.

41.     As the proximate result of the unlawful and brutal use of force by the Defendants which violated the rights of the Plaintiff, the Plaintiff has suffered and continues to suffer injuries of a personal and pecuniary nature.

**ANSWER:**     Based upon police department reports, Defendant City has denied the allegations of misconduct asserted in the first amended complaint, and it therefore denies the allegations contained in paragraph 41.  In further response, Defendant City denies liability to plaintiff for any of the claims asserted in the first amended complaint.

## COUNT V
## 42 U.S.C. §1983
## DUE PROCESS - POLICE BRUTALITY(FAILURE TO INTERVENE)

The City of Chicago is not a party defendant from which plaintiff seeks relief in count V. The City therefore does not answer or respond to the allegations in this count except to the extent plaintiff realleges and incorporates certain paragraphs in a later count against the City.

42.     Plaintiff incorporates herein ¶¶3 through 41 above, as though fully set forth hereunder.

**ANSWER:**     Defendant City adopts and restates its answers and responses to paragraphs 3 through 41 as and for its answer and response to paragraph 42 as though fully set forth herein.

43.     At all relevant times, the Plaintiff, Julio Martinez, Jr., enjoyed and possessed a right under the Fourteenth Amendment to the Constitution of the United States to be free

from arbitrary and indifferent intrusions of his bodily health and integrity that shock the conscience, including the infliction of police brutality against him.

**ANSWER:**    Defendant City admits plaintiff possessed rights under the Fourteenth

Amendment to the Constitution of the United States.  This Defendant denies it violated any of

those rights.

44.    During the events described above that occurred at the 25th District station, the Defendants, John Haleas, Linda Romano and/or Saul Basurto, stood by and failed to intervene to prevent the Plaintiff from the unconstitutional physical violence to which the he [*sic*] was being subjected despite the reasonable opportunity to do so. At all times relevant hereto, the Defendants, John Haleas, Linda Romano and Saul Basurto, were acting under color of law and within the scope of their employment.

**ANSWER:**    Defendant City admits that, on March 18, 2006, Defendant Officers Haleas,

Romano, and Basurto would have been acting under color of law and as employees of the

Chicago Police Department in performing the lawful duties of their offices.  Based upon police

department reports, Defendant City has denied the allegations of misconduct in plaintiff's first

amended complaint, which is the underlying premise of this paragraph, and it therefore denies

the remaining allegations contained in paragraph 44.

45.    As a proximate result of the failure of the Defendants, John Haleas, Linda Romano and/or Saul Basurto, to intervene on behalf of the Plaintiff to prevent the use of unconstitutional force against him, despite the clear need and reasonable opportunity to do so, the Plaintiff has suffered, and continues to suffer, severe personal and pecuniary injuries and damages.

**ANSWER:**    Based upon police department reports, Defendant City has denied the allegations

of misconduct asserted in the first amended complaint, and it therefore denies the allegations

contained in paragraph 45.  In further response, Defendant City denies liability to plaintiff for

any of the claims asserted in the first amended complaint.

## COUNT VI
### 42 U.S.C. §1983
### DUE PROCESS - FAIR TRIAL (CONSPIRACY)

The City of Chicago is not a party defendant from which plaintiff seeks relief in count

VI.  The City therefore does not answer or respond to the allegations in this count except to the

extent plaintiff realleges and incorporates certain paragraphs in a later count against the City.

46.    Plaintiff incorporates herein ¶¶3 through 45, above, as though fully set forth
hereunder.

**ANSWER:**    Defendant City adopts and restates its answers and responses to paragraphs 3

through 45 as and for its answer and response to paragraph 46 as though fully set forth herein.

47.    At all times relevant hereunder, the Plaintiff enjoyed the right to a fair trial as
enumerated in the Fifth and Fourteenth Amendments to the Constitution of the United
States, including the right to notice and disclosure of evidence that tends to negate the guilt
of the Plaintiff.

**ANSWER:**    Defendant City admits plaintiff possessed rights under the Fifth and Fourteenth

Amendments to the Constitution of the United States.  This Defendant denies it violated any of

those rights.

48.    At all relevant times, the Defendants, John Haleas, Linda Romano and/or
Saul Basurto, as well as other as-yet unknown co-conspirators, accomplished an unlawful
result through individual and/or concerted action, in that they agreed, through explicit or
implicit means, to withhold, conceal and/or destroy evidence that tended to negate the
Plaintiff's guilt for the crimes with which he was charged, and/or to fabricate evidence that
incriminated the Plaintiff.

**ANSWER:**    Defendant City denies knowledge of any agreement to withhold, conceal, or

destroy exculpatory evidence regarding plaintiff, or of any fabrication of incriminating evidence

concerning plaintiff.  Defendant City therefore denies the allegations contained in paragraph 48.

49.    In furtherance of said agreement, the Defendants, John Haleas, Linda Romano
and/or Saul Basurto, unlawfully withheld, concealed and/or destroyed exculpatory evidence
and/or fabricated inculpatory evidence.

**ANSWER:**    Defendant City denies knowledge of any of the misconduct alleged in paragraph 49, and it therefore denies the allegations contained therein.

50.    At all times relevant hereto, the Defendants, John Haleas Linda Romano and Saul Basurto, were acting under color of law, and their individual and/or concerted conduct as described hereinabove was done with deliberate indifference to the rights of the Plaintiff.

**ANSWER:**    Defendant City admits that, on March 18, 2006, Defendant Officers Haleas, Romano and Basurto would have been acting under color of law and as employees of the Chicago Police Department in performing the lawful duties of their offices.  Defendant City has denied the allegations of misconduct asserted against Officers Haleas, Romano and Basurto in plaintiff's first amended complaint, which is the underlying premise of this paragraph, and it therefore denies the remaining allegations contained in paragraph 50.

51.    Defendants' individual acts and/or conspiracy as described above violated Plaintiff's right to a fair trial as guaranteed in the Fifth and Fourteenth Amendments to the United States Constitution and has caused Plaintiff to suffer, and will in the future continue to suffer, severe damages including loss of reputation, mental anguish, emotional distress, and legal expenses, as alleged herein.

**ANSWER:**    Based upon police department reports, Defendant City has denied the allegations of misconduct asserted against the Defendant Officers in the first amended complaint, which is the underlying premise of this paragraph, and it therefore denies the allegations contained in paragraph 51.

**<u>COUNT VII</u>**
**STATE LAW CLAIM - MALICIOUS PROSECUTION AND CONSPIRACY**

The City of Chicago is not a party defendant from which plaintiff seeks relief in count VII.  The City therefore does not answer or respond to the allegations in this count except to the extent plaintiff realleges and incorporates certain paragraphs in a later count against the City.

52.    Plaintiff incorporates by reference herein ¶¶3 through 51 above, as though fully set forth herein.

**ANSWER:**     Defendant City adopts and restates its answers and responses to paragraphs 3 through 51 as and for its answer and response to paragraph 52 as though fully set forth herein.

53.     At all relevant times, the Defendants, John Haleas, Linda Romano and Saul Basurto, lacked probable cause to detain, arrest and/or charge the Plaintiff for a violation of any law, statute or ordinance of any jurisdiction.

**ANSWER:**     Based upon police department reports, Defendant City denies the allegations contained in paragraph 53.

54.     At all relevant times, the Defendants, John Haleas, Linda Romano and Saul Basurto, were acting within the scope of their employment with the Defendant, City of Chicago, and were its duly appointed agents.

**ANSWER:**     Defendant City admits that on March 18, 2006, Defendants Haleas, Romano and Basurto were employed by the Chicago Police Department, and they would have been acting as employees of the Chicago Police Department when performing the lawful duties of their offices. Defendant City denies any remaining allegations contained in paragraph 54 inconsistent with the foregoing.

55.     At all relevant times, the Defendants, John Haleas, Linda Romano and Saul Basurto, as well as other as-yet unknown co-conspirators, accomplished an unlawful result through individual and concerted action, in that they agreed, through explicit or implicit means, to falsely and maliciously charge the Plaintiff, Julio Martinez, Jr., with violations of criminal provisions of the Illinois Criminal and Vehicle Codes without probable cause to do so.

**ANSWER:**     Based upon police department reports, Defendant City denies the allegations contained in paragraph 55.

56.     As set forth above, and in furtherance of said agreement, the Defendants, John Haleas, Linda Romano and Saul Basurto, falsified police reports, filed false criminal charges initiating judicial proceedings, withheld, concealed and/or destroyed exculpatory evidence, fabricated incriminating evidence and/or lied under oath.

**ANSWER:**     Defendant City denies knowledge of the misconduct alleged in paragraph 56, and it therefore denies the allegations contained therein.

57.    As set forth above, the criminal charges initiated by the Defendants, John Haleas, Linda Romano and Saul Basurto, were filed with malice and disposed of in favor of the Plaintiff in a manner indicative of the actual innocence of the Plaintiff.

**ANSWER:**    Based upon police department reports, Defendant City denies the Defendant Officers "filed criminal charges" against plaintiff "with malice."  Defendant City is without knowledge or information sufficient to form a belief as to truth or falsity of the remaining allegations contained in paragraph 57.

58.    As the proximate result of the false and malicious prosecution as set forth above, the Plaintiff has suffered and will continue in the future to suffer injuries of a personal and pecuniary nature.

**ANSWER:**    Based upon police department reports, Defendant City has denied the allegations of misconduct asserted in the first amended complaint, and it therefore denies the allegations contained in paragraph 58.  In further response, Defendant City denies liability to plaintiff for any of the claims asserted in the first amended complaint.

**COUNT VIII**
**ILLINOIS STATE COMMON LAW**
**BATTERY – CONSPIRACY**

Defendant City has moved to dismiss count VIII of plaintiff's first amended complaint. Therefore, Defendant City makes no further response to this count (including paragraphs 59 through 62, inclusive) at this time.

**COUNT IX**
**ILLINOIS STATE COMMON LAW**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS – CONSPIRACY**

The City of Chicago is not a party defendant from which plaintiff seeks relief in count IX.  The City therefore does not answer or respond to the allegations in this count except to the extent plaintiff realleges and incorporates certain paragraphs in a later count against the City.

63.    Plaintiff incorporates herein paragraphs 3 through 62, above, as though fully set forth in this paragraph.

**ANSWER:**    Defendant City adopts and restates its answers and responses to paragraphs 3 through 62 as and for its answer and response to paragraph 63 as though fully set forth herein.

64.    On and after August 4, 2007, the Defendants, John Haleas, Linda Romano and Saul Basurto, accomplished an unlawful result through individual and/or concerted action in that they agreed, through explicit or implicit means, to cause bodily harm to the Plaintiff without any lawful justification to do so and to falsely and maliciously arrest and prosecute her [sic].  At all relevant times, the Defendants, John Haleas, Linda Romano and Saul Basurto, were acting within the scope of their employment with the Defendant, City of Chicago, and were its duly appointed agents.

**ANSWER:**    Defendant City admits that, on March 18, 2006, defendant Officers Haleas and Romano would have been acting under color law as employees of the Chicago Police Department in performing the lawful duties of their offices.  Based upon police department reports, Defendant City has denied the allegations of misconduct asserted in plaintiff's first amended complaint, and it therefore denies the remaining allegations contained in paragraph 64.

65.    In furtherance of said agreement, the Defendants falsely and maliciously detained, arrested and charged Plaintiff with violations of the Illinois Vehicle and Criminal Codes, intentionally made contact of a physical nature with the Plaintiff causing him severe injuries, and/or intentionally permitted access to the Plaintiff where the physical contact occurred and/or intentionally failed to intervene to protect the Plaintiff, and subsequent to these events all Defendants made false statements concealing their individual and/or concerted conduct.

**ANSWER:**    Based upon police department reports, Defendant City has denied the allegations of misconduct asserted against the Defendant Officers in the first amended complaint, which is the underlying premise of this paragraph, and it therefore denies the allegations contained in paragraph 65.

66.    The above described conduct is extreme and outrageous and committed with the intent to cause, or with awareness of the high probability that it would cause, the Plaintiff extreme emotional distress.

**ANSWER:**    Based upon police department reports, Defendant City has denied the allegations of misconduct asserted against the Defendant Officers in the first amended complaint, which is

the underlying premise of this paragraph, and it therefore denies the allegations contained in

paragraph 66.

67.    As a proximate result of the above described conduct of the Defendants, the Plaintiff has suffered, and will in the future continue to suffer, severe damages, including extreme emotional distress and pecuniary injuries.

**ANSWER:**    Based upon police department reports, Defendant City has denied the allegations

of misconduct asserted in the first amended complaint, and it therefore denies the allegations

contained in paragraph 67.  In further response, Defendant City denies liability to plaintiff for

any of the claims asserted in the first amended complaint.

## COUNT X
## STATE LAW – INDEMNITY

68.    Plaintiff incorporates by reference herein ¶¶3 through 67 above, as though fully set forth herein.

**ANSWER:**    Defendant City adopts and restates its answers and responses to paragraphs 3

through 67 as and for its answer and response to paragraph 68 as though fully set forth herein.

69.    At all relevant times, Defendants, John Haleas, Linda Romano and Saul Basurto, were acting on behalf of and/or within the scope of their employment with the Defendant, City of Chicago.

**ANSWER:**    Defendant City admits that defendants John Haleas, Linda Romano, and Saul

Basurto were employed by the Chicago Police Department on March 28, 2006, and they would

have been acting as employees of the Chicago Police Department when performing the lawful

duties of their offices.  Defendant City denies any remaining allegations contained in paragraph

69 inconsistent with the foregoing.

70.    As a result of Defendants' conduct, Plaintiff is seeking monetary damages, attorney's fees, costs and interest.

**ANSWER:**    Based upon police department reports, Defendant City has denied the allegations

of misconduct asserted against the Defendant Officers in the first amended complaint, and it

therefore denies plaintiff is entitled to monetary damages, attorney's fees, costs, and/or interest as alleged.  In further response, Defendant City denies liability to plaintiff for any of the claims asserted in the first amended complaint.

71.    Illinois law directs local public entities to pay any tort judgment or settlement for which it or an employee while acting within the scope of his employment is liable. 745 ILCS 10/9-101 (West 2007).

**ANSWER:**    Defendant City admits the existence of 745 ILCS 10/9-101, but it denies any liability to plaintiff pursuant to that statute.

WHEREFORE, defendant, City of Chicago, denies that plaintiff is entitled to any judgment whatsoever as against it, and it requests that this Court enter judgment in its favor and against plaintiff on count X, and for its costs and fees, and for such further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

Defendant, City of Chicago, without prejudice to its denials and all other statements in its answer and elsewhere, for its affirmative defenses to plaintiff's first amended complaint, states:

1.    To the extent any individual employees of the City of Chicago or its police department are not liable as alleged in the first amended complaint, the City would not be liable.

2.    Defendant City is not liable for the claims alleged under state law because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law unless such acts or omissions constitute willful and wanton conduct.  745 ILCS 10/2-202.

3.    Under the Illinois Tort Immunity Act, defendants are not liable under state law for any injury caused by the act or omission of another person.  745 ILCS 10/2-204.

4.    Plaintiff's federal law claims in the first amended complaint are barred by the applicable statute of limitations.

5.       Plaintiff's state law claims are barred by the applicable statute of limitations.  *Day v. Conwell*, 244 F.Supp.2d 961, 964 (N.D. Ill. 2003) (One year limitations period found in the Illinois Tort Immunity Act, 745 ILCS 10/8-101, applies to state law claims).  Plaintiff's claims are based on alleged police officer misconduct that occurred on March 18, 2006.  Plaintiff's claims accrued on that date.  *Gonzalez v. Entress*, 133 F.3d 551, 553 (7th Cir. 1998).  Under the one year limitations period, plaintiff's state law claims should have been filed on or before March 18, 2007.  However, the initial complaint was not filed until February 19, 2008 (Dkt. #1), more than eleven months after the expiration of the applicable statute of limitations.

6.       Plaintiff's claims in the first amended complaint are barred by the doctrines of *res judicata* and collateral estoppel.

7.       The City of Chicago is immune from the imposition of punitive damages under both state and federal law.  Moreover, under Illinois law, the City cannot be required to indemnify an employee for punitive damages, nor may it pay a judgment for punitive damages on behalf of an employee.

8.       As to plaintiff's state law claims, Defendant City is not liable to pay attorney fees as "the law in Illinois clearly is that absent a statute or contractual agreement 'attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party.'"  *See Kerns v. Engelke*, 76 Ill. 2d 154, 166 (1979).

9.       To the extent any injuries or damages claimed by plaintiff were proximately caused, in whole or in part, by negligent, willful, wanton and/or other wrongful conduct on the part of plaintiff as reflected in the public record, including but not limited to police reports and court documents, any verdict or judgment obtained by plaintiff must be reduced by an amount commensurate with the degree of fault attributed to plaintiff by the jury in this case.

10.     To the extent plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by plaintiff must be reduced by application of the principle that a plaintiff has a duty to mitigate his or her damages.

## **JURY DEMAND**

Defendant City of Chicago respectfully requests a trial by jury.

Dated: September 4, 2008                          Respectfully submitted,

                                                  s/ Paul A. Michalik
                                                  _____
Terrence M. Burns                                 One of the Attorneys for Defendant,
Paul A. Michalik                                  CITY OF CHICAGO
Daniel M. Noland
Gregory L. Lacey
Dykema Gossett PLLC
10 South Wacker Drive
Suite 2300
Chicago, Illinois  60606
312.876.1700 (telephone)
312.876.1155 (fax)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 4, 2008, I electronically filed the foregoing **Defendant**

**City of Chicago's Answer to Plaintiff's First Amended Complaint** with the Clerk of the Court

using the ECF system, which sent electronic notification of the filing on the same day to:

Terry A. Ekl
Patrick L. Provenzale
Ekl Williams PLLC
Two Arboretum Lakes
901 Warrenville Road, Suite 175
Lisle, Illinois  60532
630.654.0045
630.654.0150 (facsimile)

Daniel F. Gallagher
Dominick Lanzito
Querrey & Harrow, Ltd.
175 West Jackson Boulevard
Suite 1600
Chicago, Illinois  60604
312.540.7000 (telephone)
312.540.0578 (facsimile)

Law Offices of Gayle Schor P.C.
111 West Washington Street
Suite 920
Chicago, Illinois  60602
312.634.5000
312.634.5001 (facsimile)

s/ Paul A. Michalik
Paul A. Michalik

CHICAGO\2491976.1
ID\PAM