**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JULIO MARTINEZ, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 08 C 1014 |
| ) | |
| OFFICER JOHN HALEAS #6719, OFFICER ) | Judge St. Eve |
| LINDA ROMANO #9875 and OFFICER ) | |
| SAUL BASURTO #11660, and CITY OF ) | Magistrate Judge Brown |
| CHICAGO, an Illinois Municipal ) | |
| Corporation, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANT LINDA ROMANO'S ANSWER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant, LINDA ROMANO, by her attorney, Terrence M. Burns of Dykema Gossett,

PLLC, for her answer to plaintiff's first amended complaint, states:

**INTRODUCTION**

1.      This action is brought seeking damages as redress for Defendants' violations
of the Plaintiff's rights enumerated under the Fourth and Fourteenth Amendments to the
Constitution of the United States of America, and state law malicious prosecution and
battery, which violations and torts resulted from the Defendants' unlawful and unauthorized
detention, arrest and charging of the Plaintiff, the unlawful use of excessive force and/or
brutality against the Plaintiff causing severe bodily and personal injuries, the unlawful
failure to intervene regarding the aforementioned and the intentional withholding and/or
destruction of exculpatory evidence resulting in a deprivation of the Plaintiff's right to a fair
trial, all of which have caused the Plaintiff's significant and severe damages, including
personal and pecuniary injuries.

**ANSWER:**    This Defendant admits plaintiff's first amended complaint seeks damages,

invokes the Fourth and Fourteenth Amendments to the United States Constitution, and purports

to assert federal and state law claims.  This Defendant denies any and all liability to plaintiff for

any of the federal or state law claims asserted in the first amended complaint, and she denies

plaintiff is entitled to money damages from her pursuant to those claims. This Defendant denies any remaining allegations contained in paragraph 1.

## JURISDICTION AND VENUE

2.     This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1331 and §1343(a)(3), as the Federal Claims are brought under 42 U.S.C. §1983, and venue pursuant to 28 U.S.C. §1391(b), as the parties reside in this district and the events giving rise to the claims occurred in this district. The Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a).

**ANSWER:**     This Defendant admits plaintiff's first amended complaint includes "federal claims" that invoke the jurisdiction of this Court. This Defendant admits 28 U.S.C. §1367(a) provides for supplemental jurisdiction over certain claims, and that plaintiff's first amended complaint includes "state law claims" that invoke the supplemental jurisdiction of this Court. This Defendant admits venue is proper in the United States District Court, Northern District of Illinois, for plaintiff's claims. This Defendant denies liability to plaintiff for any of the claims asserted in the first amended complaint. This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations contained in paragraph 2.

## THE PARTIES

3.     On and since March 18, 2006, the Plaintiff, Julio Martinez, was a citizen of the United States of America, resided in River Grove, Illinois, and enjoyed all rights and entitlements enumerated in the Constitution of the United States of America and all Amendments thereto.

**ANSWER:**     This Defendant admits that on March 18, 2006, plaintiff gave a home address in River Grove, Illinois. This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of any information provided by plaintiff. This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations contained in paragraph 3.

2

4.     On and for some time after March 18, 2006, the Defendant, John Haleas, was a duly sworn peace officer under the laws of the State of Illinois possessed of law enforcement authority under Illinois law, and at all relevant times set forth herein was acting under color of law and within the scope of his employment with the City of Chicago.  Mr. Haleas is sued in his individual capacity.  Upon information and belief, the Defendant resides in Cook County, Illinois.

**ANSWER:**   This Defendant admits upon information and belief that on March 18, 2006, defendant John Haleas was a duly appointed and sworn police officer employed by the Chicago Police Department.  This Defendant admits Mr. Haleas has been sued in his individual capacity. This Defendant admits upon information and belief Mr. Haleas resides in Cook County, Illinois. This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 4.

5.     On March 18, 2006, the Defendant, Linda Romano, was a duly sworn peace officer under the laws of the State of Illinois possessed of law enforcement authority under Illinois law, and at all relevant times set forth herein was acting under color of law and within the scope of her employment with the City of Chicago.  Ms. Romano is sued in her individual capacity.  Upon information and belief, the Defendant resides in Cook County, Illinois.

**ANSWER:**   This Defendant admits that on March 18, 2006, she was a duly appointed and sworn police officer employed by the Chicago Police Department.  This Defendant admits she has been sued in her individual capacity, and that she resides in Cook County, Illinois.  This Defendant admits her involvement in the stop and detention of plaintiff on March 18, 2006, was within the scope of her employment as a police officer with the Chicago Police Department. This Defendant denies any remaining allegations contained in paragraph 5 inconsistent with the foregoing.

6.     On March 18, 2006, the Defendant, Saul Basurto, was employed as a lock-up keeper at the 25th District of the Chicago Police Department, and at all relevant times set forth herein was acting under color of law and within the scope of his employment with the City of Chicago.  Mr. Basurto is sued in his individual capacity.  Upon information and belief, the Defendant resides in Cook County, Illinois.

**ANSWER:**    This Defendant admits upon information and belief that on March 18, 2006, Officer Saul Basurto was a duly appointed and sworn police officer employed by the Chicago Police Department.  This Defendant admits upon information and belief Officer Basurto was working as lock-up keeper at the CPD's 25th District station on the morning of March 18, 2006. This Defendant admits Officer Basurto has been sued in his individual capacity.  This Defendant admits upon information and belief Officer Basurto resides in Cook County, Illinois.   This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 6.

7.    On March 18, 2006, the Defendant, City of Chicago, was a municipal corporation organized and chartered under the laws of the State of Illinois, obligated to indemnify employees for judgments resulting from conduct occurring within the scope of employment.

**ANSWER:**    This Defendant admits that on March 18, 2006, the City of Chicago was a municipal corporation duly incorporated under the laws of the State of Illinois.  This Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning the City's obligations, but she generally admits the existence of 745 ILCS 10/9-102.  This Defendant denies any liability to plaintiff pursuant to the claims in the first amended complaint.

### FACTS COMMON TO ALL COUNTS OF THE COMPLAINT

8.    In the early morning hours of March 18, 2006, the Plaintiff, Julio Martinez, Jr., was operating a motor vehicle eastbound on Diversey Avenue in Chicago, Illinois, in the area of the intersection with Meade Street.  At the time that the Plaintiff was operating his motor vehicle, he was not violating any law, statute or ordinance of any jurisdiction.

**ANSWER:**    This Defendant admits that in the early morning hours of March 18, 2006, plaintiff was operating a motor vehicle eastbound on Diversey Avenue, in and around the 5600 block of West Diversey.  This Defendant denies the remaining allegations contained in paragraph 8.

9.    In the early morning hours of March 18, 2006, the Defendant, Linda Romano, was present in her patrol vehicle in the vicinity of the intersection of Diversey Avenue and Meade Street in Chicago, Illinois, around the same time as the Plaintiff.  At some point, the Defendant, Linda Romano, observed the Plaintiff's vehicle, but did not observe the Plaintiff or Plaintiff's vehicle violating any law, statute or ordinance of any jurisdiction.

**ANSWER:**    This Defendant admits that in the early morning hours of March 18, 2006, she

was on duty in her patrol car in and around the 5600 block of West Diversey, when she observed

plaintiff and his vehicle violate multiple traffic laws.  This Defendant denies the remaining

allegations contained in paragraph 9.

10.    Without any probable cause or reasonable articulable suspicion that the Plaintiff or the Plaintiff's vehicle had committed, was committing or was about to commit any violation of any law, statute or ordinance of any jurisdiction, the Defendant, Linda Romano, activated her overhead emergency lights and audible siren and effected a stop and detention of the Plaintiff and his vehicle.

**ANSWER:**    This Defendant admits that in the early morning hours of March 18, 2006, she

stopped and detained plaintiff and his vehicle in or around the 5600 block of West Diversey for

multiple traffic violations.  This Defendant denies the remaining allegations contained in

paragraph 10.

11.    At some point after making contact with the Plaintiff, the Defendant, Linda Romano, ordered the Plaintiff out of his vehicle, motioning toward her service revolver and stating to him "get the fuck out of the car right now."  When the Plaintiff exited his vehicle, the Defendant, Linda Romano, forcibly handcuffed the Plaintiff and placed him in custody. At the time that the Plaintiff was handcuffed and taken into custody by the Defendant, Linda Romano, the Plaintiff had not committed, was not committing and was not about to commit any violation of any law, statute or ordinance of any jurisdiction.

**ANSWER:**    This Defendant admits placing plaintiff in custody on March 18, 2006.  This

Defendant denies the remaining allegations contained in paragraph 11.

12.    The Defendant, Linda Romano, transported the Plaintiff to the 25th District station of the Chicago Police Department.  There, the Plaintiff came into contact with the Defendant, John Haleas.

**ANSWER:**    This Defendant admits she transported plaintiff to the 25th District station of the

Chicago Police Department on March 18, 2006, and that Officer Haleas became involved with

plaintiff at the station.  This Defendant lacks knowledge or information sufficient to form a belief

as to truth or falsity of any remaining allegations contained in paragraph 12.

13.    While in the 25th District station, the Defendant, John Haleas, unlawfully and without provocation, physically grabbed and choked the Plaintiff and slammed the Plaintiff's head into a wall.  At the time that this unlawful activity was occurring, the Defendants, Linda Romano and Saul Basurto, were present and aware of the unlawful conduct of the Defendant, John Haleas, but said Defendants failed to intervene to protect the Plaintiff despite a reasonable opportunity to do so.

**ANSWER:**    This Defendant denies the allegations contained in paragraph 13 that are directed

against her.  This Defendant denies any knowledge of the remaining allegations contained in

paragraph 13.

14.    Thereafter, the Defendant, John Haleas, prepared and filed a false report in which he claimed that he and the Defendant, Linda Romano, observed the Plaintiff exhibiting signs of the consumption of alcohol and impairment by alcohol, as well as observations that the Plaintiff committed various moving violations of the Illinois Vehicle Code, and observed the Plaintiff kick out a window in the 25th District station.  Based upon this false report and the intentional withholding of exculpatory evidence and/or fabrication of incriminating evidence, the Defendants, John Haleas and Linda Romano, initiated a false prosecution of the Plaintiff wherein he was charged with Driving Under the Influence of Alcohol and other violations of the Illinois Vehicle Code, and one felony charge of Criminal Damage to State Supported Property.

**ANSWER:**    This Defendant admits she and/or Officer Haleas prepared reports indicating,

among other things, plaintiff was observed violating traffic laws, had a strong odor of alcohol on

his breath, showed of signs of impairment, had great and noticeable difficulty in walking and

standing, failed sobriety tests at the police station, and subsequently kicked out a window of a

holding room door causing extensive damage.  This Defendant admits plaintiff was charged with

multiple offenses including driving under the influence of alcohol, violations of the Illinois

Vehicle Code, and a felony charge of criminal damage to state property.  This Defendant denies

participating in or knowledge of any falsification of reports, withholding of exculpatory

evidence, or fabrication of incriminating evidence concerning plaintiff.  This Defendant lacks

knowledge or information sufficient to form a belief as to truth or falsity of any remaining allegations contained in paragraph 14.

15.    After March 18, 2006, the Circuit Court of Cook County entered a finding of no probable cause after a preliminary hearing on the false felony charge of Criminal Damage to State Supported Property.

**ANSWER:**    This Defendant is without knowledge or information sufficient to form a belief as to truth or falsity of the allegations contained in paragraph 15.

16.    After the Plaintiff was falsely arrested and charged as set forth above, and it is believed after the above finding of no probable cause, the Defendant, John Haleas, was investigated for filing one or more false police reports in connection with his employment as a police officer, for which false reports wrongful criminal charges were filed.

**ANSWER:**    This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16.

17.    Following this investigation, and prior to November 7, 2007, the Defendant, John Haleas, was stripped of his assignment as a patrol officer and has since been indicted on 10 felony counts including Official Misconduct, Obstructing Justice and Perjury under 08 CR 7115.

**ANSWER:**    This Defendant is without knowledge or information sufficient to form a belief as to truth or falsity of the allegations contained in paragraph 17.

18.    Finally, on November 7, 2007, the Circuit Court of Cook County dismissed all charges against the Plaintiff on the motion of the Office of the Cook County State's Attorney for reasons detailed above indicative of the actual innocence of the Plaintiff for all false criminal charges referred to above.

**ANSWER:**    This Defendant is without knowledge or information sufficient to form a belief as to truth or falsity of the allegations contained in paragraph 18.

## COUNT I
## 42 U.S.C. §1983
## FOURTH AMENDMENT – FALSE ARREST (CONSPIRACY)

19.    Plaintiff incorporates herein ¶¶3 through 18, above, as though fully set forth hereunder.

**ANSWER:**    This Defendant adopts and restates her answers and responses to paragraphs 3

through 18 as and for her answer and response to paragraph 19 as though fully set forth herein.

20.    At all relevant times, the Plaintiff, Julio Martinez, Jr., enjoyed and possessed a right under the Fourth Amendment to the Constitution of the United States to be free from unreasonable searches and seizures and to be secure in his personal effects and property.

**ANSWER:**    This Defendant admits plaintiff possessed rights under the Fourth Amendment to

the Constitution of the United States.  This Defendant denies she violated any of those rights.

21.    At all relevant times, the Defendants, Linda Romano and John Haleas, as well as other as-yet unknown co-conspirators, accomplished an unlawful result through individual and/or concerted action, in that they agreed, through explicit or implicit means, to effect the unlawful detention and arrest of the Plaintiff, Julio Martinez, Jr., without lawful authority in the form of reasonable articulable suspicion, probable cause, a judicial warrant or writ.

**ANSWER:**    This Defendant denies the allegations contained in paragraph 21.

22.    In furtherance of said agreement, the Defendants, Linda Romano and John Haleas, unlawfully detained, arrested, and falsely charged the Plaintiff and manufactured and fabricated evidence against him, and withheld the existence and disclosure of exculpatory evidence.

**ANSWER:**    This Defendant denies the allegations contained in paragraph 22.

23.    At all times relevant hereto, the Defendants, Linda Romano and John Haleas, were acting under color of law, and their individual and/or concerted conduct as described hereinabove was done with deliberate indifference to the rights of the Plaintiff.

**ANSWER:**    This Defendant denies engaging in the conduct alleged against her in the first

amended complaint, which is the underlying premise of paragraph 23, and she therefore denies

the allegations contained therein.

24.    Defendants' individual acts and/or conspiracy as described above violated Plaintiff's right to be free from unreasonable searches and seizures as provided in the Fourth Amendment to the United States Constitution and has caused Plaintiff to suffer, and will in the future continue to suffer, severe damages including loss of reputation, mental anguish, emotional distress, and legal expenses, as alleged herein.

**ANSWER:**    To the extent directed against her, this Defendant denies the allegations contained in paragraph 24.  In further response, this Defendant denies liability to plaintiff for any of the claims asserted in the first amended complaint.

WHEREFORE, defendant, Linda Romano, denies that plaintiff is entitled to any judgment whatsoever as against her, and she requests that this Court enter judgment in her favor and against plaintiff on count I, and for her costs and fees, and for such further relief as this Court deems just and proper.

**COUNT II**
**42 U.S.C. §1983**
**FOURTH AMENDMENT – EXCESSIVE FORCE (CONSPIRACY)**

25.    Plaintiff incorporates all prior allegations in ¶¶3 through 24 as if fully set forth in this paragraph.

**ANSWER:**    This Defendant adopts and restates her answers and responses to paragraphs 3 through 24 as and for her answer and response to paragraph 25 as though fully set forth herein.

26.    On March 18, 2006, the Plaintiff possessed the right guaranteed under the Fourth Amendment to the United States Constitution to be free from unreasonable seizures of his person.

**ANSWER:**    This Defendant admits plaintiff possessed rights under the Fourth Amendment to the Constitution of the United States.  This Defendant denies she violated any of those rights.

27.    On March 18, 2006, the Defendants, John Haleas, Linda Romano and Saul Basurto, as well as other as-yet unknown co-conspirators, accomplished an unlawful result through individual and/or concerted action in that they agreed, through explicit or implicit means, to inflict bodily harm on the Plaintiff without any objectively reasonable circumstance in justification to do so.

**ANSWER:**    This Defendant denies the allegations contained in paragraph 27.

28.    In furtherance of said agreement, the Defendants, Haleas and/or Basurto, or other as-yet unknown co-conspirators, physically beat the Plaintiff causing him severe injuries, and the Defendants, John Haleas, Linda Romano and/or Saul Basurto, and/or other as-yet unknown co-conspirators, permitted the Defendant(s) or other as-yet unknown co-conspirators access to the Plaintiff and/or failed to intervene to protect the Plaintiff when there was an objectively reasonable opportunity to do so.

**ANSWER:** This Defendant denies the allegations contained in paragraph 28 that are directed against her. This Defendant denies knowledge of the remaining allegations contained in paragraph 28.

29. On March 18, 2008, the conduct of the Defendants was not objectively reasonable within the meaning of the Fourth Amendment to the Constitution of the Untied [*sic*] States given the totality of the circumstances that the Plaintiff was already in custody, handcuffed and/or completely defenseless.

**ANSWER:** This Defendant denies the allegations contained in paragraph 29 that are directed against her. This Defendant denies knowledge of the remaining allegations contained in paragraph 29.

30. Defendants' individual acts, failures to act and/or conspiracy as described above violated Plaintiff's right to be free from unreasonable seizure as provided in the Fourth Amendment to the United States Constitution and has caused Plaintiff to suffer, and will in the future continue to suffer, severe damages including personal injuries, loss of reputation, mental anguish, emotional distress, and legal and medical expenses, as alleged herein.

**ANSWER:** To extent directed against her, this Defendant denies the allegations contained in paragraph 30. In further response, this Defendant denies liability to plaintiff for any of the claims asserted in the first amended complaint.

WHEREFORE, defendant, Linda Romano, denies that plaintiff is entitled to any judgment whatsoever as against her, and she requests that this Court enter judgment in her favor and against plaintiff on count II, and for her costs and fees, and for such further relief as this Court deems just and proper.

## COUNT III
### 42 U.S.C. §1983
### FOURTH AMENDMENT –MALICIOUS PROSECUTION (CONSPIRACY)

Defendants have moved to dismiss count III of plaintiff's first amended complaint. Therefore, this Defendant makes no further response to this count (or paragraphs 31 through 37, inclusive) at this time.

## COUNT IV
## DUE PROCESS - POLICE BRUTALITY (CONSPIRACY) – 42 U.S.C. §1983

38.     Plaintiff incorporates herein ¶¶3 through 37, above, as though fully set forth hereunder.

**ANSWER:**     This Defendant adopts and restates her answers and responses to paragraphs 3

through 37 as and for her answer and response to paragraph 38 as though fully set forth herein.

39.     At all relevant times, the Plaintiff, Julio Martinez, Jr., enjoyed and possessed a right under the Fourteenth Amendment to the Constitution of the United States to be free from arbitrary and indifferent intrusions of his bodily health and integrity that shock the conscience, including the infliction of police brutality against him.

**ANSWER:**     This Defendant admits plaintiff possessed rights under the Fourteenth

Amendment to the Constitution of the United States.  This Defendant denies she violated any of

those rights.

40.     As described above, the conduct of the Defendants, John Haleas, Linda Romano and/or Saul Basturto, and/or as-yet unknown co-conspirators, was intentionally carried out with willful and deliberate indifference to the health and welfare of the Plaintiff, and constituted conduct that shocks the conscience in violation of the Fourteenth Amendment to the Constitution of the United States. At times relevant hereto, the Defendants, John Haleas, Linda Romano and Saul Basturto, were acting under color of law and within the scope of their employment.

**ANSWER:**     This Defendant admits that on March 18, 2006, her lawful activities as a police

officer with the Chicago Police Department were within the scope of her employment.  This

Defendant denies the remaining allegations contained in paragraph 40 that are directed against

her.  This Defendant denies knowledge of the misconduct alleged against the other defendants in

plaintiff's first amended complaint, and she therefore denies any remaining allegations in

paragraph 40.

41.     As the proximate result of the unlawful and brutal use of force by the Defendants which violated the rights of the Plaintiff, the Plaintiff has suffered and continues to suffer injuries of a personal and pecuniary nature.

**ANSWER:**    To the extent directed against her, this Defendant denies the allegations contained in paragraph 41.  In further response, this Defendant denies liability to plaintiff for any of the claims asserted in the first amended complaint.

WHEREFORE, defendant, Linda Romano, denies that plaintiff is entitled to any judgment whatsoever as against her, and she requests that this Court enter judgment in her favor and against plaintiff on count IV, and for her costs and fees, and for such further relief as this Court deems just and proper.

**COUNT V**
**42 U.S.C. §1983**
**DUE PROCESS - POLICE BRUTALITY(FAILURE TO INTERVENE)**

42.    Plaintiff incorporates herein ¶¶3 through 41 above, as though fully set forth hereunder.

**ANSWER:**    This Defendant adopts and restates her answers and responses to paragraphs 3 through 41 as and for her answer and response to paragraph 42 as though fully set forth herein.

43.    At all relevant times, the Plaintiff, Julio Martinez, Jr., enjoyed and possessed a right under the Fourteenth Amendment to the Constitution of the United States to be free from arbitrary and indifferent intrusions of his bodily health and integrity that shock the conscience, including the infliction of police brutality against him.

**ANSWER:**    This Defendant admits plaintiff possessed rights under the Fourteenth Amendment to the Constitution of the United States.  This Defendant denies she violated any of those rights.

44.    During the events described above that occurred at the 25th District station, the Defendants, John Haleas, Linda Romano and/or Saul Basurto, stood by and failed to intervene to prevent the Plaintiff from the unconstitutional physical violence to which the he [*sic*] was being subjected despite the reasonable opportunity to do so. At all times relevant hereto, the Defendants, John Haleas, Linda Romano and Saul Basurto, were acting under color of law and within the scope of their employment.

**ANSWER:**    This Defendant admits that on March 18, 2006, her lawful activities as a police officer with the Chicago Police Department were within the scope of her employment.  This

Defendant denies the remaining allegations contained in paragraph 44 that are directed against

her.  This Defendant denies knowledge of the misconduct alleged against the other defendants in

plaintiff's first amended complaint, and she therefore denies any remaining allegations in

paragraph 44.

45.     As a proximate result of the failure of the Defendants, John Haleas, Linda
Romano and/or Saul Basurto, to intervene on behalf of the Plaintiff to prevent the use of
unconstitutional force against him, despite the clear need and reasonable opportunity to do
so, the Plaintiff has suffered, and continues to suffer, severe personal and pecuniary injuries
and damages.

**ANSWER:**     To the extent directed against her, this Defendant denies the allegations contained

in paragraph 45.  In further response, this Defendant denies liability to plaintiff for any of the

claims asserted in the first amended complaint.

WHEREFORE, defendant, Linda Romano, denies that plaintiff is entitled to any

judgment whatsoever as against her, and she requests that this Court enter judgment in her favor

and against plaintiff on count V, and for her costs and fees, and for such further relief as this

Court deems just and proper.

### COUNT VI
### 42 U.S.C. §1983
### DUE PROCESS - FAIR TRIAL (CONSPIRACY)

46.     Plaintiff incorporates herein ¶¶3 through 45, above, as though fully set forth
hereunder.

**ANSWER:**     This Defendant adopts and restates her answers and responses to paragraphs 3

through 45 as and for her answer and response to paragraph 46 as though fully set forth herein.

47.     At all times relevant hereunder, the Plaintiff enjoyed the right to a fair trial as
enumerated in the Fifth and Fourteenth Amendments to the Constitution of the United
States, including the right to notice and disclosure of evidence that tends to negate the guilt
of the Plaintiff.

**ANSWER:**    This Defendant admits plaintiff possessed rights under the Fifth and Fourteenth Amendments to the Constitution of the United States.  This Defendant denies she violated any of those rights.

48.    At all relevant times, the Defendants, John Haleas, Linda Romano and/or, Saul Basurto, as well as other as-yet unknown co-conspirators, accomplished an unlawful result through individual and/or concerted action, in that they agreed, through explicit or implicit means, to withhold, conceal and/or destroy evidence that tended to negate the Plaintiff's guilt for the crimes with which he was charged, and/or to fabricate evidence that incriminated the Plaintiff.

**ANSWER:**    This Defendant denies the allegations contained in paragraph 48 that are directed against her.  This Defendant denies knowledge of the remaining allegations contained in paragraph 48.

49.    In furtherance of said agreement, the Defendants, John Haleas, Linda Romano and/or Saul Basurto, unlawfully withheld, concealed and/or destroyed exculpatory evidence and/or fabricated inculpatory evidence.

**ANSWER:**    This Defendant denies the allegations contained in paragraph 49 that are directed against her.  This Defendant denies knowledge of the remaining allegations contained in paragraph 49.

50.    At all times relevant hereto, the Defendants, John Haleas Linda Romano and Saul Basurto, were acting under color of law, and their individual and/or concerted conduct as described hereinabove was done with deliberate indifference to the rights of the Plaintiff.

**ANSWER:**    This Defendant has denied the "conduct" alleged against her in plaintiff's first amended complaint.  Because that alleged "conduct" is the underlying premise of paragraph 50, this Defendant denies the allegations contained therein.

51.    Defendants' individual acts and/or conspiracy as described above violated Plaintiff's right to a fair trial as guaranteed in the Fifth and Fourteenth Amendments to the United States Constitution and has caused Plaintiff to suffer, and will in the future continue to suffer, severe damages including loss of reputation, mental anguish, emotional distress, and legal expenses, as alleged herein.

**ANSWER:**    To the extent directed against her, this Defendant denies the allegations contained in paragraph 51.  In further response, this Defendant denies liability to plaintiff for any of the claims asserted in the first amended complaint.

WHEREFORE, defendant, Linda Romano, denies that plaintiff is entitled to any judgment whatsoever as against her, and she requests that this Court enter judgment in her favor and against plaintiff on count VI, and for her costs and fees, and for such further relief as this Court deems just and proper.

<u>COUNT VII</u>
**STATE LAW CLAIM - MALICIOUS PROSECUTION AND CONSPIRACY**

52.    Plaintiff incorporates by reference herein ¶¶3 through 51 above, as though fully set forth herein.

**ANSWER:**    This Defendant adopts and restates her answers and responses to paragraphs 3 through 51 as and for her answer and response to paragraph 52 as though fully set forth herein.

53.    At all relevant times, the Defendants, John Haleas, Linda Romano and Saul Basurto, lacked probable cause to detain, arrest and/or charge the Plaintiff for a violation of any law, statute or ordinance of any jurisdiction.

**ANSWER:**    This Defendant denies the allegations contained in paragraph 53.

54.    At all relevant times, the Defendants, John Haleas, Linda Romano and Saul Basurto, were acting within the scope of their employment with the Defendant, City of Chicago, and were its duly appointed agents.

**ANSWER:**    This Defendant admits that, on March 18, 2006, she was employed by the Chicago Police Department, and she would have been acting as an employee of the Chicago Police Department when performing her lawful duties as a police officer on that date.  This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 54.

55.    At all relevant times, the Defendants, John Haleas, Linda Romano and Saul Basurto, as well as other as-yet unknown co-conspirators, accomplished an unlawful result through individual and concerted action, in that they agreed, through explicit or implicit

means, to falsely and maliciously charge the Plaintiff, Julio Martinez, Jr., with violations of criminal provisions of the Illinois Criminal and Vehicle Codes without probable cause to do so.

**ANSWER:**    This Defendant denies the allegations contained in paragraph 55.

56.    As set forth above, and in furtherance of said agreement, the Defendants, John Haleas, Linda Romano and Saul Basurto, falsified police reports, filed false criminal charges initiating judicial proceedings, withheld, concealed and/or destroyed exculpatory evidence, fabricated incriminating evidence and/or lied under oath.

**ANSWER:**    This Defendant denies the allegations contained in paragraph 56.

57.    As set forth above, the criminal charges initiated by the Defendants, John Haleas, Linda Romano and Saul Basurto, were filed with malice and disposed of in favor of the Plaintiff in a manner indicative of the actual innocence of the Plaintiff.

**ANSWER:**    This Defendant denies filing criminal charges against plaintiff "with malice."

This Defendant is without knowledge or information sufficient to form a belief as to truth or falsity of the remaining allegations contained in paragraph 57.

58.    As the proximate result of the false and malicious prosecution as set forth above, the Plaintiff has suffered and will continue in the future to suffer injuries of a personal and pecuniary nature.

**ANSWER:**    To the extent directed against her, this Defendant denies the allegations contained in paragraph 58.  In further response, this Defendant denies liability to plaintiff for any of the claims asserted in the first amended complaint.

WHEREFORE, defendant, Linda Romano, denies that plaintiff is entitled to any judgment whatsoever as against her, and she requests that this Court enter judgment in her favor and against plaintiff on count VII, and for her costs and fees, and for such further relief as this Court deems just and proper.

## COUNT VIII
## ILLINOIS STATE COMMON LAW
## BATTERY – CONSPIRACY

Defendants have moved to dismiss count VIII of plaintiff's first amended complaint.

Therefore, this Defendant makes no further response to this count (or paragraphs 59 through 62,

inclusive) at this time.

## COUNT IX
## ILLINOIS STATE COMMON LAW
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS – CONSPIRACY

63.     Plaintiff incorporates herein paragraphs 3 through 62, above, as though fully set forth in this paragraph.

**ANSWER:**     This Defendant adopts and restates her answers and responses to paragraphs 3

through 62 as and for her answer and response to paragraph 63 as though fully set forth herein.

64.     On and after August 4, 2007, the Defendants, John Haleas, Linda Romano and Saul Basurto, accomplished an unlawful result through individual and/or concerted action in that they agreed, through explicit or implicit means, to cause bodily harm to the Plaintiff without any lawful justification to do so and to falsely and maliciously arrest and prosecute her.  At all relevant times, the Defendants, John Haleas, Linda Romano and Saul Basurto, were acting within the scope of their employment with the Defendant, City of Chicago, and were its duly appointed agents.

**ANSWER:**     This Defendant admits that on August 4, 2007, she was employed by the Chicago

Police Department, and she would have been acting as an employee of the Chicago Police

Department when performing her lawful duties as a police officer on that date.  This Defendant

is without knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations concerning the legal status and/or actions of Officers Haleas and Basurto on that date.

This Defendant denies the remaining allegations contained in paragraph 64.

65.     In furtherance of said agreement, the Defendants falsely and maliciously detained, arrested and charged Plaintiff with violations of the Illinois Vehicle and Criminal Codes, intentionally made contact of a physical nature with the Plaintiff causing him severe injuries, and/or intentionally permitted access to the Plaintiff where the physical contact occurred and/or intentionally failed to intervene to protect the Plaintiff, and subsequent to these events all Defendants made false statements concealing their individual and/or concerted conduct.

**ANSWER:**     This Defendant denies the allegations contained in paragraph 65 that are directed

against her.   This Defendant denies knowledge of the remaining allegations contained in

paragraph 65.

66.     The above described conduct is extreme and outrageous and committed with the
intent to cause, or with awareness of the high probability that it would cause, the Plaintiff
extreme emotional distress.

**ANSWER:**     This Defendant has denied the "conduct" alleged against her in plaintiff's first

amended complaint.  Because that alleged "conduct" is the underlying premise of paragraph 66,

this Defendant denies the allegations contained therein.

67.     As a proximate result of the above described conduct of the Defendants, the
Plaintiff has suffered, and will in the future continue to suffer, severe damages, including
extreme emotional distress and pecuniary injuries.

**ANSWER:**     To the extent directed against her, this Defendant denies the allegations contained

in paragraph 67.  In further response, this Defendant denies liability to plaintiff for any of the

claims asserted in the first amended complaint.

WHEREFORE, defendant, Linda Romano, denies that plaintiff is entitled to any

judgment whatsoever as against her, and she requests that this Court enter judgment in her favor

and against plaintiff on count IX, and for her costs and fees, and for such further relief as this

Court deems just and proper.

## COUNT X
## STATE LAW – INDEMNITY

Count X does not seek relief from this Defendant.  This Defendant therefore does not

answer or respond to the allegations contained in count X, including paragraphs 68 through 71,

inclusive.

## **DEFENDANT ROMANO'S AFFIRMATIVE DEFENSES**

Defendant, Linda Romano, without prejudice to her denials and all other statements in her answer and elsewhere, for her affirmative defenses to plaintiff's first amended complaint, states:

1.     An award of punitive damages would deprive Defendant Romano of due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution where liability for punitive damages has not been proven beyond a reasonable doubt or at least by clear and convincing evidence, or where the award of punitive damages is disproportionate to actual damages.

2.     Under the Illinois Tort Immunity Act, Defendant Romano is not liable for any of the state law claims alleged because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law unless such acts or omissions constitute willful and wanton conduct.  745 ILCS 10/2-202.

3.     Defendant Romano is not liable for any of plaintiff's alleged claims because a public employee acting within the scope of his employment is not liable for an injury caused by the act or omission of another person.  745 ILCS 10/2-204.

4.     Defendant Romano is entitled to qualified immunity for her alleged conduct because it was not clearly established that her actions violated plaintiff's constitutional rights.  A reasonably competent police officer, objectively viewing the facts and circumstances then confronting defendant officers, could have believed that the actions taken by them were objectively reasonable and were within constitutional limits that were clearly established at the time.

5.     As to plaintiff's state law claims, Defendant Romano is not liable to pay attorney fees as "the law in Illinois clearly is that absent a statute or contractual agreement 'attorney fees

and the ordinary expenses and burdens of litigation are not allowable to the successful party.'"
*See Kerns v. Engelke*, 76 Ill. 2d 154, 166 (1979).

6.      Defendant Romano is absolutely immune for any testimony she may have given
in plaintiff's underlying criminal case.  *See Briscoe v. LaHue*, 460 U.S. 325 (1983).

7.      Under the Illinois Tort Immunity Act, a public employee is not liable for injuries
caused by her institution or prosecution of any judicial or administrative proceeding within the
scope of her employment, unless she acts maliciously and without probable cause.  745 ILCS
10/2-208.

8.      To the extent plaintiff failed to mitigate any of his claimed injuries or damages,
any verdict or judgment obtained by plaintiff must be reduced by application of the principal that
a plaintiff has a duty to mitigate those damages.

9.      To the extent any injuries or damages claimed by plaintiff were proximately
caused, in whole or in part, by negligent, willful, wanton and/or other wrongful conduct on the
part of plaintiff as reflected in the public record, including but not limited to police reports and
court records, any verdict or judgment obtained by plaintiff must be reduced by an amount
commensurate with the degree of fault attributed to him by the jury in this case.

10.     Plaintiff's federal law claims are barred by the applicable statute of limitations.

11.     Plaintiff's state law claims are barred by the applicable statute of limitations.  *Day
v. Conwell*, 244 F.Supp.2d 961, 964 (N.D. Ill. 2003) (One year limitations period found in the
Illinois Tort Immunity Act, 745 ILCS 10/8-101, applies to state law claims).  Plaintiff's claims
are based on alleged police officer misconduct that occurred on March 18, 2006.  Plaintiff's
claims accrued on that date.  *Gonzalez v. Entress*, 133 F.3d 551, 553 (7th Cir. 1998).  Under the
one year limitations period, plaintiff's state law claims should have been filed on or before

March 18, 2007.  However, the complaint was not filed until February 19, 2008 (Dkt. #1), more than eleven months after the expiration of the applicable statute of limitations.

## JURY DEMAND

Defendant Linda Romano respectfully requests a trial by jury.

Dated: September 4, 2008                    Respectfully submitted,

                                            s/ Paul A. Michalik
                                            _____
Terrence M. Burns                           One of the Attorneys for Defendant,
Paul A. Michalik                            LINDA ROMANO
Daniel M. Noland
Gregory L. Lacey
Dykema Gossett PLLC
10 South Wacker Drive
Suite 2300
Chicago, Illinois  60606
312.876.1700 (telephone)
312.876.1155 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2008, I electronically filed the foregoing **Defendant**

**Linda Romano's Answer to Plaintiff's First Amended Complaint** with the Clerk of the Court

using the ECF system, which sent electronic notification of the filing on the same day to:

Terry A. Ekl                                    Law Offices of Gayle Schor P.C.
Patrick L. Provenzale                           111 West Washington Street
Ekl Williams PLLC                               Suite 920
Two Arboretum Lakes                             Chicago, Illinois  60602
901 Warrenville Road, Suite 175                 312.634.5000
Lisle, Illinois  60532                          312.634.5001 (facsimile)
630.654.0045
630.654.0150 (facsimile)

Daniel F. Gallagher
Dominick Lanzito
Querrey & Harrow, Ltd.
175 West Jackson Boulevard
Suite 1600
Chicago, Illinois  60604
312.540.7000 (telephone)
312.540.0578 (facsimile)

s/ Paul A. Michalik
Paul A. Michalik

CHICAGO\2507077.1
ID\PAM